# EXHIBIT A

**Person Filing:** Nicholas J. Enoch

**Address (if not protected):** Lubin & Enoch, PC, 349 N Fourth Ave

**City, State, Zip Code:** Phoenix, AZ 85003

**Telephone:** 602-234-0008

**Email Address:** nick@lubinandenoch.com

**Lawyer's Bar Number:** 016473

**Licensed Fiduciary Number:**

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
12/20/2022 10:32:10 AM
Filing ID 15291049

**Representing** ☐ Self, without a Lawyer  or  ☒ **Attorney for**  ☒ **Plaintiff**  OR  ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Alyssa E. Nessel, a single woman

Name of Plaintiff

**Case No.** CV2021-014197

JDM Golf, LLC

Name of Defendant

## WAIVER OF SERVICE

A.R.C.P. Rule 4 (f)

**TO:** Nicholas J. Enoch

(Name of Plaintiff or Plaintiff's Attorney)

**ACKNOWLEDGMENT OF WAIVER OF SERVICE.** I acknowledge receipt of your request that I waive service of a summons in regards to the above referenced action.

I also have received a copy of the *Complaint* and *Certificate of Compulsory Arbitration* in the action, **two** copies of this *Waiver of Service*, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

**DEFAULT JUDGMENT.** I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days after this waiver was sent, which was 12 /06 /2022 (date sent), or within ninety (90) days after that date if the request was sent outside the United States.

**I swear or affirm under penalty of perjury that the contents of this Waiver are true and correct to the best of my knowledge and belief.**

_____
Signature of Defendant

_____December 19, 2022_____
Date

Jay A. Zweig, Ballard Spahr LLP - Attorneys for JDM Golf, LLC
Printed Name of Defendant

---

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4.1 and Rule 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary cost of service of the summons and a pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States, to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought into an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on this waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Clerk of the Superior Court
*** Electronically Filed ***
L. Sanchez, Deputy
11/10/2022 11:40:28 AM
Filing ID 15115262

**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch, State Bar No. 016473
Kaitlyn A. Redfield-Ortiz, State Bar No. 030318
Morgan L. Bigelow, State Bar No. 037506
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR MARICOPA COUNTY

| | |
|---|---|
| Alyssa E. Nessel, a single woman, | No. CV2021-014197 |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | Discovery Tier 2 |
| JDM Golf, LLC, an Arizona limited liability company; John and Jane Doe, husband and wife; | (Assigned to the Honorable Margaret Mahoney) |
| Defendants. | |

Plaintiff, Alyssa E. Nessel ("Nessel"), by and through her attorneys at Lubin & Enoch, P.C., brings this action against JDM Golf, LLC ("JDM Golf") doing business as the Wigwam Resort and Golf (the "Wigwam"), to recover compensation, liquidated and punitive damages, and attorneys' fees and costs pursuant to the hostile work environment, retaliation, and wrongful termination provisions of the Arizona Civil Rights Act ("ACRA"), A.R.S. § 41-1461, *et seq.* and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Plaintiff also brings this action against John and Jane Doe, husband and wife

(the "Does"), for sexual assault and battery, and for negligent infliction of emotional distress.

## INTRODUCTION

1.    This case concerns the Wigwam's retaliation against Nessel and her wrongful termination following the Wigwam's attempt to bury an investigation into a sexual assault and battery against her perpetrated by one of its patrons.

2.    This case also concerns a patron's sexual assault and battery against Nessel while she was employed at the Wigwam.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this case pursuant to 42 U.S.C. § 2000e-5(f), Ariz. Const. art. VI § 14, and A.R.S § 12-123.

4.    This Court has personal jurisdiction over JDM Golf because it is an Arizona-domiciled limited liability company ("LLC"), licensed and doing business in Arizona. Further, the events that give rise to the causes of action occurred within Maricopa County as a result of JDM Golf's conduct within the county.

5.    This Court has personal jurisdiction over the Does because the events that give rise to the causes of action occurred within Maricopa County as a result of the Does conduct within the county, and they reside therein.

6.    Venue is proper in this Court pursuant to A.R.S. § 12-401.

## PARTIES

7.    Nessel is currently a resident of Sun Lakes, Arizona in Maricopa County. At all times relevant to this complaint, Nessel resided in Maricopa County.

8.    Nessel is a former employee of JDM Golf.  She was employed as a beverage cart server at the Wigwam.

2

9.      The Wigwam is a 440-acre, full-service resort that offers three 18-hole golf courses.  Upon information and belief, it is one of the many resorts and golf courses owned and operated by JDM Golf across the country.

10.      JDM Golf is an Arizona-domiciled LLC, licensed and doing business in Arizona.  Its principal place of business is in Arizona at 2400 East Arizona Biltmore Circle, Building 2, Suite 1270, Phoenix, Arizona 85016.

11.      At all relevant times, JDM Golf was responsible for the hiring and firing decisions of its beverage cart servers, including Nessel, supervising and controlling Nessel's work schedules and conditions of employment, determining the rate and method of payment, and maintaining any employment records that exist.

12.      JDM Golf may be served with process through its registered agent, Mel Schultz, at 2400 East Arizona Biltmore Circle, Building 2, Suite 1270, Phoenix, Arizona 85016.

13.      The Does are now, and at all times relevant hereto have been, husband and wife, constituting a marital community under the laws of the state of Arizona.  The Does are fictitiously named defendants pursuant to Arizona Rule of Civil Procedure 10(d).  Once their true names are discovered, this complaint shall be amended accordingly.

14.      The acts and omissions undertaken by the Does were performed as agents and for the benefit of the marital community.

## **GENERAL ALLEGATIONS**

15.      On September 13, 2019, the Glendale Chamber of Commerce hosted the 20th Annual Excellence in Education Golf Outing.  This golf tournament was held at the Wigwam located at 300 East Wigwam Boulevard, Litchfield Park, Arizona 85340.

16.     Nessel, who was employed by JDM Golf until October 16, 2019, was scheduled to work during the event.

17.     That morning, Nessel was approached by a group of golfers while serving beverages at a hydration station set up for the event.  The group surrounded her and one of the men ("Doe" or the "perpetrator") violently grabbed her buttocks and attempted to rip off her skirt (the "incident").

18.     Several nearby golfers witnessed the incident.  Dr. Karla Murphy, a professor at Arizona State University and one of the witnesses, brought the incident to the attention of two Wigwam employees.  When she noticed how shaken Nessel was from the incident, she insisted Nessel be escorted off the course.

19.     Wigwam ambassadors led Nessel to the office of her supervisor, Mr. Leo Simonetta ("Simonetta"), where they were joined by Wigwam security personnel.  There, she was asked for a description of the incident and perpetrator, which she provided, and Simonetta recorded the incident in her human resources ("HR") file.

20.     During the questioning, Nessel was asked if she would like to press charges. She indicated she would and requested the police be called.

21.     The Maricopa County Sherriff's Office (the "sheriff deputies" or "deputies") responded to the call.  After the sheriff deputies arrived on scene, Wigwam security personnel escorted the deputies onto the course so that the perpetrator could be identified and detained.

22.     The two-foursome groups playing near her location at the time of the incident were the focus of the search.  Those groups were identified from the tournament

participant sheet and the schedule of each foursome on the course.  Doe and any witnesses were most likely to be part of those two foursomes.  Those two foursomes are circled on the tournament participant sheet, attached hereto as **Exhibit A**.

23.     Despite this focused search, the sheriff deputies and Wigwam security personnel were unsuccessful at locating the perpetrator.  Upon their return, the deputies asked Nessel to sit at the clubhouse entrance and attempt to identify the perpetrator as foursome groups returned from the course.  This continued for hours but was similarly unsuccessful.

24.     Sometime later, Simonetta asked Nessel to follow him into the clubhouse restaurant, Red's, where a luncheon was being hosted for the tournament participants and their families.  Upon entering, Nessel immediately spotted the perpetrator.  She pointed him out to Simonetta, specifically identifying the man as wearing a blue shirt.  Simonetta pointed to the same individual, and Nessel confirmed that was the perpetrator.

25.     Simonetta directed Nessel to return to the pro shop to do paperwork for the sales she had completed before the incident.  Nessel was relieved the situation was under control and complied with the direction.

26.     The sheriff deputies were still at the resort.  However, despite Simonetta giving Nessel the impression he would inform the deputies of the perpetrator's whereabouts, he did not identify the perpetrator to them, and the deputies left without apprehending anyone.  Indeed, Simonetta did not even indicate to the deputies that Nessel had identified the perpetrator when the perpetrator was still on the resort property.

27.     Neither did Simonetta take any steps to obtain Doe's personal information

himself.  In fact, after the incident transpired, neither Simonetta nor the Wigwam's HR department reached out to Nessel regarding the incident.

28.     The perpetrator remains unidentified; however, potential perpetrators, as identified on the tournament participant sheet, include Ron Castro, Scott Spillman, Matt Farmer, Mike Walters, Justin Oquist, Brian Schmidt, John Pruitt, and Corey Pankin.  Upon information and belief, one of these men is John Doe.

29.     Following the incident, Nessel requested the contact information of Wigwam's internal security personnel because she no longer felt safe working at the Wigwam.

30.     Shortly after the incident, one of Nessel's co-workers began sexually harassing her via text messages.  Nessel brought the text messages to HR and complained about the harassment.

31.     A few days later, on October 16, 2019, Simonetta terminated Nessel's employment, alleging that she had been late to work.  Nessel believes she was late to work twice but recalls that other employees were frequently late and were never terminated or even reprimanded for it.  Nessel believes that she was disciplined and terminated in retaliation for complaining about the sexual assault and harassment that she endured.

32.     In hostile work environment claims, an employer may be liable for the harassing behavior of its customers and patrons "where the employer either ratifies or acquiesces in the harassment by not taking immediate and/or corrective actions." *Folkerson v. Circus Circus Enters., Inc.*, 107 F.3d 754, 756 (9th Cir. 1997).  However, in this case, it is not only the employer's inaction to correct the harassing behavior but also its active

6

interference in the quick and accurate identification of the perpetrator that has caused the perpetrator to remain unidentified and resulted in further harm to Nessel.

33.     Specifically, Simonetta's actions in preventing the perpetrator from being identified by the sheriff deputies effectively ratified or otherwise condoned the assault against Nessel.

34.     Finally, JDM Golf's decision to terminate Nessel's employment was in retaliation for reporting the sexual assault and harassment she endured.

## CONDITIONS PRECEDENT

35.     On July 7, 2020, Nessel filed a charge of discrimination alleging discrimination on the basis of sex and retaliation with the Equal Employment Opportunity Commission ("EEOC") as Charge No. 540-2020-03757.  On August 22, 2022, the EEOC issued her a notice of her right-to-sue.

36.     Nessel has fully exhausted her administrative remedies on all claims herein.

## CAUSES OF ACTION

### Count I: Violation of the Title VII of the Civil Rights of 1964

37.     Nessel realleges and incorporates by reference the foregoing allegations as if fully set forth therein.

**A.   Coverage Under Title VII**

38.     At all times relevant hereto, Nessel was an "employee" of JDM Golf within the meaning of Title VII, 42 U.S.C. § 2000e(f).

39.     At all times relevant hereto, JDM Golf was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

40.     JDM Golf is a former employer that provided daily guidance and

7

1   instruction to Nessel.

2       41.     Prior to and at the time of her termination, Nessel was qualified for
3
4   employment as a beverage cart server.

5       42.     JDM Golf was put on notice by Nessel that she had been subjected to a
6   sexual assault and battery by one of JDM Golf's patrons.  Nessel verbally reported the
7   assault immediately after it occurred.  Wigwam security personnel asked her for a
8   description of the events and the perpetrator while Simonetta was present.  The incident
9
10  was recorded in her HR file.  Simonetta and Wigwam security personnel were present
11  when Nessel agreed to press charges.  Finally, Nessel identified Doe directly to Simonetta.

12      43.     JDM Golf was further put on notice by Nessel that she had been subjected
13  to sexual harassment from one of her co-workers.  Nessel verbally reported the harassment
14
15  to HR.  In response she was contacted by an HR representative over telephone and text
16  messaging regarding her allegations of sexual harassment.

17      44.     JDM Golf had actual knowledge of the hostile work environment to which
18  Nessel was subjected by her co-worker but did nothing to remedy the discrimination.

19      45.     Shortly after Nessel reported the sexual harassment by her co-worker, she
20
21  was contacted by a representative from HR.  They held a telephone conversation on
22  October 16, 2019, where Nessel provided the HR representative with all the salient facts to
23  aid in their investigation.

24      46.     On October 17, 2019, Nessel sent the HR representative a follow up text
25
26  message again explaining the facts and circumstances of the sexual harassment.

27      47.     On October 18, 2019, Nessel was called in for a meeting with her

28

8

supervisors where her employment was terminated.  Her official last day of work was on October 16, 2019.

48.     Nessel has been damaged by JDM Golf's violation of Title VII inasmuch as Nessel has been:

      (1)   Without employment from October 2019 to present.

      (2)   Unable to identify the perpetrator and enforce her right to press charges.

**B.   Sexual Discrimination**

49.     Under federal law, it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to [his or her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C § 2000e-2(a).

50.     The hostile work environment, that JDM Golf knew about and aided in continuing, was so severe and pervasive that Nessel's employment was terminated for reporting the sexual assault and harassment, thereby materially changing the conditions of her employment.

51.     As a result of the above-mentioned conduct, JDM Golf violated the prohibition against sexual discrimination found in Title VII.

**C.   Retaliation**

52.     Under federal law, it is unlawful for "an employer to discriminate against any of [his or her] employees . . . because [he or she] has opposed any practice made an unlawful employment practice by this subchapter, or because [he or she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).

53.     Nessel was terminated because she complained about the sexual harassment and hostile work environment that JDM Golf allowed to exist.  This is evidenced by JDM Golf's decision to terminate her employment within days of her reporting sexual harassment by one of her co-workers and its attempts to bury the investigation into the sexual assault by one of its patrons.

54.     The fact that she was late to work was merely pretextual.  Other employees were frequently late to work but were never terminated or even reprimanded for it.

55.     As a result of the above-mentioned conduct, JDM Golf violated the prohibition against retaliation for reporting and complaining about sexual harassment and discrimination found in Title VII.

**Count II: Violation of the Arizona Civil Rights Act**

56.     Nessel realleges and incorporates by reference the foregoing allegations as if fully set forth therein.

**A.     Coverage Under ACRA**

57.     At all times relevant hereto, Nessel was an "employee" of JDM Golf within the meaning of ACRA, A.R.S. § 41-1461(5).

58.     At all times relevant hereto, JDM Golf was an "employer" within the meaning of ACRA, A.R.S. § 41-1461(6).

59.     JDM Golf is a former employer that provided daily guidance and instruction to Nessel.

60.     Prior to and at the time of her termination, Nessel was qualified for employment as a beverage cart server.

61.     JDM Golf was put on notice by Nessel that she had been subjected to a

10

sexual assault and battery by one of JDM Golf's patrons.  Nessel verbally reported the assault immediately after it occurred.  Wigwam security personnel asked her for a description of the events and the perpetrator while Simonetta was present.  The incident was recorded in her HR file.  Simonetta and Wigwam security personnel were present when Nessel agreed to press charges.  Finally, Nessel identified Doe directly to Simonetta.

62.     JDM Golf was further put on notice by Nessel that she had been subjected to sexual harassment from one of her co-workers.  Nessel verbally reported the harassment to HR. In response she was contacted by an HR representative over telephone and text messaging regarding her allegations of sexual harassment.

63.     JDM Golf had actual knowledge of the hostile work environment to which Nessel was subjected by her co-worker but did nothing to remedy the discrimination.

64.     Shortly after Nessel reported the sexual harassment by her co-worker, she was contacted by a representative from HR.  They held a telephone conversation on October 16, 2019, where Nessel provided the HR representative with all the salient facts to aid in their investigation.

65.     On October 17, 2019, Nessel sent the HR representative a follow up text message again explaining the facts and circumstances of the sexual harassment.

66.     On October 18, 2019, Nessel was called in for a meeting with her supervisors where her employment was terminated, ostensibly for being late to work.  Her official last day of work was on October 16, 2019.

67.     Nessel has been damaged by JDM Golf's violation of ACRA inasmuch as Nessel:

     (a)   Has been without employment from October of 2019 to present.

     (b)   Has been unable to identify the perpetrator and enforce her right to press charges.

**B. Sexual Discrimination**

68.     Under Arizona law, it is unlawful to "discriminate against any individual with respect to the individual's compensation, terms, conditions or privileges of employment because of the individual's . . . sex . . ." A.R.S. § 41-1463(B)(1).

69.     As a result of the above-mentioned conduct, JDM Golf violated the prohibition against sexual discrimination found in ACRA, A.R.S. § 41-1463(B)(1).

**C.   Retaliation**

70.     Under Arizona law, it is unlawful for an employer to "discriminate against any of [his or her] employees or applicants for employment . . . because the member or applicant has opposed any practice which is an unlawful employment practice under this article or has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under article 6 of this chapter." A.R.S. § 41-1464(A).

71.     As a result of the above-mentioned conduct, JDM Golf violated the prohibition against retaliation for reporting and complaining about sexual harassment and discrimination found in ACRA, A.R.S. § 41-1464(A).

## Count III: Common Law Tort of Assault
### (Against the Does Only)

72.     Nessel realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

73.     Under Arizona law, a person commits the tort of assault if that person "intended to cause harm or offensive contact[1] with [another that results in the other person feeling] apprehension of an immediate harmful or offensive contact."  Revised Arizona Jury Instructions (Civil 6th ed.) Intentional Torts 1 (Assault); *see* Restatement (Second) of Torts § 21; *Garcia v. U.S.*, 826 F.2d 806, 809 n. 9 (9th Cir. 1987).

74.     As a result of the above-mentioned conduct, Nessel experienced fear and apprehension and harm to her self-image and personal dignity.  She now seeks to recover compensatory and punitive damages.[2]

## Count IV: Common Law Tort of Battery
### (Against the Does Only)

75.     Nessel realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

76.     Under Arizona common law, "a battery is a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff . . . to suffer such a contact." *Meadows v. Guptill*, 856 F.Supp. 1362, 1371 (D.Ariz. 1993) (finding offensive

---

[1] "A contact is offensive if it would offend a reasonable person." Revised Arizona Jury Instructions (Civil 6th ed.) Intentional Torts 1 (Assault).

[2] Nessel does not need to prove the extent of her damages as damages are presumed in intentional torts, such as assault and battery, where the tort itself seeks to penalize intentional conduct. Revised Arizona Jury Instructions (Civil 6th ed.) Intentional Torts 1 (Assault), n. 3, & Intentional Torts 2 (Battery), n. 3.

13

touching giving rise to a claim for battery where Defendant patted Plaintiff's buttocks and grabbed or tugged on Plaintiff's blouse); *see* Revised Arizona Jury Instructions (Civil 6th ed.) Intentional Torts 2 (Battery); Restatement (Second) of Torts § 18; *Garcia*, 826 F.2d at 809 n. 9.

77.     As a result of the above-mentioned conduct, Nessel experienced mental[3] and emotional[4] distress and suffered harm to her personal dignity and self-image.

78.     Nessel now seeks to recover compensatory and punitive damages.[5]

### Count V: Negligent Infliction of Emotional Distress

### (Against the Does Only)

79.     Nessel realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

80.     Under Arizona common law, a claim for negligent infliction of emotional distress exists "[i]f the actor unintentionally causes emotional distress to another . . . [and]

---

[3] Arizona permits recovery for mental distress resulting from "a physical invasion of a person or the person's security." *Valley Nat'l Bank v. Brown*, 110 Ariz. 260, 265 (1974).

[4] Like in most dignitary tort cases where the facts are such that an ordinary person would feel distress, Nessel may recover even where the damage inflicted is difficult or even impossible to quantify. *See Johnson v. Pankratz*, 196 Ariz. 621, 623 (Ct.App. 2000) (citing Restatement (Second) of Torts § 13 (1965)); Dan D. Dobbs, *Dobbs Law of Remedies*, § 7.1(2) (2d. ed. 1993). Specifically, battery claims traditionally permit recovery of general or presumed damages "of a substantial amount . . . merely by showing that the tort was committed at all." Dobbs, § 7.1(2). This includes proving the extent of her mental and emotional distress damages. *Id.*

[5] Punitive damages are recoverable under Arizona law upon a showing by clear and convincing evidence that the defendant's conduct was aggravated and outrageous, and that the defendant acted with an evil mind. *Meadows*, 856 F.Supp. at 1372 (citing *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 331–32 (1986). An evil mind is shown where the defendant intended to cause injury or chose a course of conduct that knowingly created a substantial risk of harm to others. *Ranburger v. Southern Pacific Transp. Co.*, 157 Ariz. 551, 553 (1988).

14

the actor (a) should have realized that his conduct involved an unreasonable risk of causing the distress . . . and (b) from facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm. . . ." *Quinn v. Turner*, 155 Ariz. 225, 228 (Ct. App. 1987) (quoting Restatement (Second) of Torts § 313(1) (1965) (internal quotations omitted)).

81.     Doe should have known that violently grabbing Nessel's buttocks and attempting to rip off her skirt would create an unreasonable risk of causing Nessel distress and that such distress would result in illness or bodily harm.

82.     As a result of the above-mentioned conduct, Nessel experienced mental and emotional distress that manifested physically and suffered harm to her personal dignity and self-image.

## DISCOVERY TIER

83.     Nessel realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

84.     This case will likely involve discovery into JDM Golf's anti-discrimination and anti-harassment policies and practices, including, establishing by expert or lay witness testimony, how such conduct is reported, processed, and resolved.  It might also require discovery into video and surveillance footage, Wigwam security personnel reports, and testimony by Wigwam security personnel, management, and HR representatives and witnesses from the golf tournament.

85.     This case will also likely involve discovery into the misconduct of the Does, including video and surveillance footage and testimony from witnesses.

15

86.     This action involves intermediate complexity, requiring more than minimal documentary evidence and more than a few witnesses.

87.     The action will result in an award of more than $300,000.

88.     Accordingly, this court should assign discovery tier 3 for purposes of Rules 26.2(b)(3) and 26.2(c)(3)(C) of the Arizona Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

WHEREFORE, Nessel prays that she can recover from JDM Golf and the Does the following:

A.     Award Nessel compensatory and punitive damages in an amount appropriate to the proof at trial.  This would include the value of lost income;

B.     Court costs and costs of litigation, including expert fees;

C.     Attorneys' fees;

D.     A declaratory judgment pursuant to the Uniform Declaratory Judgments Act, A.R.S. § 12-1831, *et seq.*, that JDM Golf has violated Nessel's rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein; and

E.     Such other legal and equitable relief as the Court deems just.

DATED this 10th day of November 2022.

LUBIN & ENOCH, P.C.

/s/ Nicholas J. Enoch
Nicholas J. Enoch
Attorney for Plaintiff

1

## **CERTIFICATE OF SERVICE**

2

3    I hereby certify that on this 10th day of November 2022, I electronically transmitted the

4    attached Complaint using the AZ-Turbo Court E-filing Online System.

5

/s/ Shana Battles

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

EXHIBIT A

# Glendale Chamber of Commerce
## Gold Course Pairings

| Hole # | Player |
|--------|--------|
| 18A | Shapiro, Harry |
| 18A | Scalia, Tony |
| 18A | Tanner, Lauri |
| 18A | Froelich, Kelly |
| 18B | Pitts, Josh |
| 18B | Gonzalez, Steve |
| 18B | Voss, Scott |
| 18B | Byfield, Justin |
| 17A | Mocariski, John |
| 17A | Standage, Jeff |
| 17A | Deschler, Derek |
| 17A | Huggins, Randy |
| 17B | Weis, Jason |
| 17B | Merryman, Christine |
| 17B | Munter, Anne |
| 17B | Aker, Patricia |
| 16A | Bannon, Peter |
| 16A | Mace, Alan |
| 16A | Mulvey, Kevin |
| 16A | Willbrand, Kevin |
| 16B | Valenzuela, Natalie |
| 16B | Jauregui, George |
| 16B | Munakash, Nimer |
| 16B | Winkel, Robert |
| 15A | Hernandez, Manual |
| 15A | Miranda, Mellors |
| 15A | Trombley, Joseph |
| 15A | Carey, Joey |
| 15B | Kiefer, Greg |
| 15B | Whalen, Joseph |
| 15B | Guston, Ramon |
| 15B | Jacobson, Ryan |
| 14A | Rodgriguez, Luis |
| 14A | Brooks, Brooklyn |
| 14A | Pruitt, Gene |
| 14A | Gonzalez, Anthony |
| 14B | Brash, Zach |
| 14B | LoDuca, Anthony |
| 14B | Pritchard, Will |
| 14B | Zangl, Wyatt |
| 13A | Penberthy, Jim |
| 13A | Martinez, Scott |
| 13A | Conaway, Sean |
| 13A | Boykin, Ryan |
| 13B | Smith, Matt |
| 13B | Othon, Art |
| 13B | Delgado, Ray |
| 13B | Gamez, Adolfo |

| Hole # | Player |
|--------|--------|
| 12A | Martinez, Ramon |
| 12A | Martin, Mark |
| 12A | Holecheck, Joshua |
| 12A | Hoang, Jimmy |
| 12B | Castro, Ron |
| 12B | Spillman, Scott |
| 12B | Farmer, Matt |
| 12B | Walters, Mike |
| 11A | Stewart, Nathan |
| 11A | Francis, Michael |
| 11A | Horie, Craig |
| 11A | Algeria, Charles |
| 11B | Oquist, Justin |
| 11B | Schmidt, Brian |
| 11B | Pruitt, John |
| 11B | Pankin, Corey |
| 10A | Dellosa, Gary |
| 10A | Samuel, David |
| 10A | Thieken, Michelle |
| 10A | Guerro, Victor |
| 10B | Roberts, Dan — helped |
| 10B | Edgar, Gary |
| 10B | Moore, Robert |
| 10B | Flitton, Joseph |
| 9A | Ramsey, Dr. Ramsey Eric |
| 9A | Rocha, Bethany |
| 9A | Bennett, Justin |
| 9A | Murphy, Dr. Karla |
| 9B | Ernst, Ray |
| 9B | Luedeker, Todd |
| 9B | Stiver, Jerry |
| 9B | Schmidlen, Andy |
| 8A | Pena, Javier |
| 8A | Hancock, Jeff |
| 8A | Thomas, Justin |
| 8A | Garrison, Kale |
| 8B | Habaluyas, Kevin |
| 8B | Polster, Travis |
| 8B | Truong, Hieu |
| 8B | Mehta, Janet |
| 7A | Fulford, Briar |
| 7A | Corona, Virginia |
| 7A | Costa, Pua |
| 7A | TBD, |
| 7B | Dana, William |
| 7B | Calhoun, Anthony |
| 7B | Engel, Shannon |
| 7B | Brown, Brandon |

| Hole # | Player |
|--------|--------|
| 6A | McDermott, Patrick |
| 6A | Sites, Ron |
| 6A | Mazza, John |
| 6A | Holdaway, Melissa |
| 6B | Covena, Washington |
| 6B | Coyle, Chris |
| 6B | Martin, Rachele |
| 6B | Olivas, Rosa |
| 5A | Smith, Stephen |
| 5A | Leonardi, Kyle |
| 5A | Cuttone, Joe |
| 5A | Ruiz, Ryan |
| 5B | Jacobo, Joseph |
| 5B | Martin, Billy |
| 5B | Jacobo, Manny |
| 5B | Byron, Daniel |
| 4A | Spicola, Tony |
| 4A | Easton, Dave |
| 4A | Setacase, Joe |
| 4A | Klimciew, Mike |
| 4B | Carter, Scott |
| 4B | Pump, Steve |
| 4B | Cox, Dan |
| 4B | TBD, |
| 3A | Parkin, Mike |
| 3A | Del Rosal, Cesar |
| 3A | Keel, Chris |
| 3A | Tobin, Ben |
| 3B | Cipriano, Jerry |
| 3B | Sims, Korey |
| 3B | Reed, Adam |
| 3B | Alejandro, Anthony |
| 2A | Flemm, David |
| 2A | Wren, Ryan |
| 2A | Theele, Jay |
| 2A | Martin, Jason |
| 2B | Ortega, David |
| 2B | Ortega, Dave |
| 2B | Guerrero, Gabe |
| 2B | Lopez, Eddie |
| 1A | Filllon, Andy |
| 1A | Hulse, Russell |
| 1A | LaGanke, Bob |
| 1A | TBD, |
| 1B | Crow, John |
| 1B | Phelps, Kevin |
| 1B | Caracciolo, Ryan |
| 1B | TBD, |

Granted with Modifications
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
P. McKinley, Deputy
6/21/2022 8:00:00 AM
Filing ID 14454258

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR MARICOPA COUNTY**

| | |
|---|---|
| Alyssa E. Nessel, a single woman, | No.  CV2021-014197 |
| Plaintiff, | **ORDER** |
| v. | |
| John and Jane Doe, husband and wife; | |
| Defendants. | |

    The Court has reviewed Plaintiff's Motion Requesting Continuance on the Dismissal Calendar ("Motion"), filed 6/6/22.

    **IT IS ORDERED** vacating Court Administration's Notice of Placement on the Dismissal Calendar as improvidently issued on 4/13/22 in contradiction to the Court's Order filed 12/21/21.

    Dated: _____

                                      _____
                                        Honorable Margaret R. Mahoney
                                        Judge of the Superior Court

# eSignature Page 1 of 1

Filing ID: 14454258   Case Number: CV2021-014197
Original Filing ID: 14396721

---

**Granted with Modifications**



/S/ Margaret Mahoney Date: 6/17/2022

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2021-014197

E-FILING ID #: 14454258

SIGNATURE DATE: 6/17/2022

FILED DATE: 6/21/2022 8:00:00 AM

NICHOLAS J ENOCH

COURT ADMIN-CIVIL-ARB DESK

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
6/6/2022 11:06:05 AM
Filing ID 14396721

1   **LUBIN & ENOCH, P.C.**
    Nicholas J. Enoch, State Bar No. 016473
2   Kaitlyn A. Redfield-Ortiz, State Bar No. 030318
3   349 North Fourth Avenue
    Phoenix, Arizona 85003-1505
4   Telephone: (602) 234-0008
    Facsimile: (602) 626-3586
5   Email: nick@lubinandenoch.com
6   *Attorneys for Plaintiff*

7              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8                     **IN AND FOR MARICOPA COUNTY**

9

10  | Alyssa E. Nessel, a single woman, | |
    | --- | --- |
11  | Plaintiff, | No.  CV2021-014197 |
12  | | **PLAINTIFF'S MOTION REQUESTING** |
    | v. | **CONTINUANCE ON THE DISMISSAL** |
13  | | **CALEDAR** |
14  | John and Jane Doe, husband and wife; | |
    | | (Assigned to the Honorable Margaret |
15  | Defendants. | Mahoney) |
16

17          Plaintiff, Alyssa E. Nessel, by and through her attorneys at Lubin & Enoch, P.C.,

18  hereby moves this Court pursuant to Arizona Rule of Civil Procedure ("Rule")
19
20  38.1(d)(2)(C) to continue this case on the Dismissal Calendar until July 28, 2023, without
21  being dismissed.
22
            On April 9, 2022, this Court issued a Notice of Placement on the Dismissal
23
24  Calendar.  However, on December 17, 2021, this Court entered an order allowing Ms.
25  Nessel until Friday, December 30, 2022, to serve her Complaint.  Placement of this case
26  on the Dismissal Calendar implicitly conflicts with that order.  Thus, Ms. Nessel seeks
27
28  permission under Rule 38.1(d)(2)(C) to continue her case on the dismissal calendar until

July 28, 2023, which is 210 days after December 30, 2022, the date by which Ms. Nessel must serve her complaint. *See* Rule 38.1(d)(1) (requiring the clerk or court administrator to "place a civil action on the dismissal calendar if 210 days have passed since the action was commenced").

Plaintiff respectfully requests that the Court continue this action on the Dismissal Calendar until July 28, 2023.

Dated this 6th day of June 2022.

LUBIN & ENOCH, P.C.

/s/ Kaitlyn A. Redfield-Ortiz
Kaitlyn A. Redfield-Ortiz
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June 2022, I electronically transmitted the attached Complaint using the AZ-Turbo Court E-filing Online System.

/s/ Shana Battles

2

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
5/24/2022 2:30:36 PM
Filing ID 14351013

**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch, State Bar No. 016473
Kaitlyn A. Redfield-Ortiz, State Bar No. 030318
Morgan Bigelow, State Bar No. 037516
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR MARICOPA COUNTY

| | |
|---|---|
| Alyssa E. Nessel, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>John and Jane Doe, husband and wife;<br><br>Defendants. | No.  CV2021-014197<br><br>**NOTICE OF APPEARANCE**<br><br>(Assigned to the Honorable Margaret Mahoney) |

Plaintiff, Alyssa E. Nessel, by and through undersigned counsel, hereby gives notice that attorney Morgan Bigelow, with Lubin & Enoch, P.C., has associated as an additional attorney of record in the above-captioned matter.

Dated this 24th day of May 2022.

LUBIN & ENOCH, P.C.

/s/ Nicholas J. Enoch
Nicholas J. Enoch
Attorney for Plaintiff

1
2

## **CERTIFICATE OF SERVICE**

3      I hereby certify that on this 24th day of May 2022, I electronically transmitted the
4  attached Complaint using the AZ-Turbo Court E-filing Online System.

5
6  /s/ Shana Battles _____

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2


Office Distribution

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

**FILED**
04/13/2022
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

04/09/2022

COURT ADMINISTRATION

**Case Number:** CV2021-014197

Alyssa E Nessel

**V.**

John Doe

The Judge assigned to this action is the Honorable Margaret Mahoney

### NOTICE OF PLACEMENT ON THE DISMISSAL CALENDAR

Pursuant to Rule 38.1(d) of the Arizona Rules of Civil Procedure, the parties and counsel are notified that this case is being placed on the dismissal calendar on 4/13/22. This case will be dismissed **without further notice on** 06/13/2022 unless one of the following actions occurs prior to the date of dismissal:

1. A Joint Report and Proposed Scheduling order is filed;
2. A Comprehensive Pretrial Conference is set;
3. A final judgment, notice of decision, arbitration award, or dismissal is entered; or
4. A motion to continue on the dismissal calendar demonstrating good cause is filed and granted prior to the dismissal date.

See Rule 38.1(d)(2).

IT IS ORDERED placing this case on the dismissal calendar.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at: www.azturbocourt.gov.

Superior Court of Maricopa County - Integrated Court Information System
**Endorsee Party Listing**
Case Number: CV2021-014197

| Party Name | Attorney Name | |
|---|---|---|
| Alyssa E Nessel | Nicholas J Enoch | Bar ID:  016473 |

Granted with Modifications
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
P. McKinley, Deputy
12/21/2021 8:00:00 AM
Filing ID 13735836

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR MARICOPA COUNTY**

| | |
|---|---|
| Alyssa E. Nessel, a single woman, | No. CV2021-014197 |
| Plaintiff, | **ORDER** |
| v. | (Assigned to the Honorable Margaret Mahoney) |
| John and Jane Doe, husband and wife; | |
| Defendants. | |

Pursuant to the Plaintiff's Motion for an Extension of Time to Serve Complaint and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the Plaintiff shall have up to and including Friday, December 30, 2022 to serve the Complaint.

_____

Honorable Margaret R. Mahoney
Judge of the Superior Court

# eSignature Page 1 of 1

Filing ID: 13735836   Case Number: CV2021-014197
Original Filing ID: 13691269

**Granted with Modifications**



/S/ Margaret Mahoney Date: 12/17/2021

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2021-014197

SIGNATURE DATE: 12/17/2021

E-FILING ID #: 13735836

FILED DATE: 12/21/2021 8:00:00 AM

NICHOLAS J ENOCH

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
12/7/2021 4:52:30 PM
Filing ID 13691446

1  **LUBIN & ENOCH, P.C.**
   Nicholas J. Enoch, State Bar No. 016473
2  Kaitlyn A. Redfield-Ortiz, State Bar No. 030318
3  349 North Fourth Avenue
   Phoenix, Arizona 85003-1505
4  Telephone: (602) 234-0008
   Facsimile: (602) 626-3586
5  Email: nick@lubinandenoch.com
6
7  *Attorneys for Plaintiff*

8            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
9                **IN AND FOR MARICOPA COUNTY**

10  | Alyssa E. Nessel, a single woman, | No. CV2021-014197 |
    |---|---|
11  | | |
    | Plaintiff, | **PLAINTIFF'S NOTICE OF ERRATA** |
12  | | **TO MOTION FOR EXTENSION OF** |
13  | v. | **TIME TO SERVE THE COMPLAINT** |
14  | John and Jane Doe, husband and wife; | (Assigned to the Honorable Margaret R. |
15  | | Mahoney) |
16  | Defendants. | |
17  | | |

18         Plaintiff, Alyssa E. Nessel ("Nessel"), by and through her attorneys at Lubin &
19  Enoch, P.C., submits this Notice of Errata for her Motion for Extension of Time to Serve
20  the Complaint adding Exhibit 1, which was inadvertently omitted from the Motion.
21         RESPECTFULLY SUBMITTED this 7th day of December 2021.
22
23                                        LUBIN & ENOCH, P.C.
24                                        /s/ Nicholas J. Enoch
25                                        Nicholas J. Enoch
                                          Attorney for Plaintiff
26
27
28

1

2

## **CERTIFICATE OF SERVICE**

3     The foregoing was filed via Turbo Court on December 7, 2021

4

5     /s/ Shana Battles

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT 1

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s) |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA<br>X  EEOC | 540-2020-03757 |

_____ and EEOC
_State or local Agency, if any_

| Name (Indicate Mr. Ms. Mrs.)<br>Ms. Alyssa Nessel | Home Phone (Incl. Area Code)<br>503-784-9118 | Date of Birth<br>10/24/1994 |
|---|---|---|

| Street Address<br>101619 East Arrowvale Drive | City, State and ZIP Code<br>Sun Lakes, Arizona 85248 | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>JDM Golf, LLC d/b/a Wigwam Golf Resort | No. Employees, Members<br>15+ | Phone No. (Include Area Code)<br>623-935-9414 |
|---|---|---|
| Street Address<br>PO Box 107019 | City, State and ZIP Code<br>Phoenix, AZ 85064 | |
| Name<br>Wigwam Golf Club | No. Employees, Members<br>15+ | Phone No. (Include Area Code)<br>623-935-9414 |
| Street Address<br>451 North Old Litchfield Road | City, State and ZIP Code<br>Litchfield Park, AZ 85340 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ___ RACE   ___ COLOR  X SEX  ___ RELIGION  ___ NATIONAL ORIGIN<br><br>X RETALIATION  ___ AGE  ___ DISABILITY  ___ OTHER (Specify below.) | Earliest: September 16, 2019   Latest: October 16, 2019<br><br>___ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s).):

Alyssa Nessel ("Ms. Nessel") began working as a beverage cart server at the Wigwam Golf Resort's pro shop in May 2019.

On September 13, 2019, Ms. Nessel was sexually assaulted on the golf course by a golfer. While filling cups with ice, she was approached by a group of four men who were participating in the Glendale Chamber of Commerce's golf tournament. One of the men approached Ms. Nessel, violently grabbed her buttocks, and attempted to rip off her skirt.

Another golfer, an ASU professor, Dr. Karla Murphy, witnessed the incident and told two Wigwam employees. The employees escorted Ms. Nessel to the office of her supervisor, Mr. Leo Simonetta. Wigwam Resort Security entered the office and asked Ms. Nessel for a description of the incident and perpetrator. The security officers asked Ms. Nessel if she would like to press charges. She responded affirmatively, and the police were called. Maricopa County Sheriff's Office arrived and attempted to find the perpetrator on the course but were unsuccessful. Then, the police asked Ms. Nessel to sit at the clubhouse entrance and attempt to identify the perpetrator as foursome groups entered. This continued for hours.

Sometime later, Mr. Simonetta asked Ms. Nessel to follow him into the clubhouse restaurant, Red's, where a luncheon was being hosted. Upon entering, she spotted the perpetrator. She pointed him out to Mr. Simonetta, telling him it was a man wearing a blue shirt. Mr. Simonetta pointed to the same individual, and she confirmed that was the perpetrator.

At this point, Ms. Nessel was required to go back to the pro shop to do paperwork for the sales she had completed before the incident. The police were still at the resort, and Mr. Simonetta gave her the impression that he would inform the police of the perpetrator's whereabouts. However, Mr. Simonetta did not identify the

540-2020-03757

perpetrator for them, and the police left without apprehending anyone.

After the incident transpired, neither Ms. Nessel's supervisors nor the Wigwam's HR department reached out to her. The Wigwam Golf Resort's employees did not take immediate or corrective actions. *See Folkerson v. Circus Circus Enters., Inc.*, 107 F.3d 754, 756 (9th Cir. 1997) ("An employer may be liable for the harassing behavior of its customers and patrons where the employer either ratifies or acquiesces in the harassment by not taking immediate and/or corrective actions."). Indeed, Mr. Simonetta did not even indicate to the police that Ms. Nessel had identified the perpetrator when the perpetrator was still on the resort property.

Shortly after the incident, Ms. Nessel's co-worker began sexually harassing her via text message. Ms. Nessel brought the text messages to HR and complained about the harassment. A few days later, on October 16, 2019, Mr. Simonetta terminated Ms. Nessel's employment, alleging that she had been late to work. Ms. Nessel believes she was late to work twice but recalls that other employees were frequently late and were never terminated or even reprimanded for it. Ms. Nessel believes that she was disciplined and terminated in retaliation for complaining about the sexual assault and harassment that she endured.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT |
| 07/07/2020   _[signature]_<br>Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>July 07, 2020 |

Clerk of the Superior Court
*** Electronically Filed ***
K. Dyer, Deputy
12/7/2021 4:29:05 PM
Filing ID 13691269

**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch, State Bar No. 016473
Kaitlyn A. Redfield-Ortiz, State Bar No. 030318
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR MARICOPA COUNTY

| | |
|---|---|
| Alyssa E. Nessel, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>John and Jane Doe, husband and wife;<br><br>Defendants. | No. CV2021-014197<br><br>**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE THE COMPLAINT**<br><br>**(First Request)**<br><br>(Assigned to the Honorable Margaret R. Mahoney) |

Pursuant to Ariz. R. Civ. P. ("Rules") 1, 4(i), and 6(b)(1)(A), Plaintiff, Alyssa E. Nessel ("Nessel"), by and through her attorneys at Lubin & Enoch, P.C., submits this Motion for an Extension of Time to Serve the Complaint from Wednesday, December 8, 2021, to Friday, December 30, 2022. This motion is supported by the accompanying Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this 7th day of December 2021.

LUBIN & ENOCH, P.C.

/s/ Nicholas J. Enoch
Nicholas J. Enoch
Attorney for Plaintiff

**<u>Memorandum of Points and Authorities</u>**

Nessel brought this action against John Doe ("Doe") and Jane Doe (collectively "Defendants" or the "Does"), on September 9, 2021, for sexual assault and battery. Pursuant to Rule 4(i), Nessel requests the time for her to serve Defendants be extended for a little over one-year, until December 30, 2022. Specifically, Plaintiff desires the extension so that the Equal Employment Opportunity Commission ("EEOC") may conclude its investigation into Plaintiff's factually related discrimination charge. *See* **Exhibit 1**. That investigation is not expected to wrap up anytime soon,[1] but once it is and Plaintiff has been issued a right to sue letter, Plaintiff will amend her complaint to consolidate the parties and claims that are the subject of that investigation with the instant suit.

## I. Plaintiff's EEOC Charge and the Instant Lawsuit are Factually Intertwined.

At the time the sexual assault occurred that gave rise to this action, Nessel was working as a beverage cart server at JDM Golf, LLC d/b/a Wigwam Golf Resort ("the Wigwam"). On September 13, 2019, Nessel was scheduled to work during the Glendale Chamber of Commerce's 20th Annual Excellence in Education Golf Outing hosted at the Wigwam. During that event, a group of men surrounded her and one of the men ("Doe") violently grabbed her buttocks and attempted to rip off her skirt (the "incident"). The incident was witnessed by a nearby golfer, who reported it to Wigwam personnel. During the subsequent questioning by her supervisor, Mr. Leo Simonetta ("Simonetta"), Nessel expressed her desire to press charges against her assailant and the Maricopa County Sheriff's Department was called to the scene.

Nessel attempted in numerous ways to identify Doe, however, she wasn't successful until Simonetta asked Nessel to accompany him to the clubhouse restaurant, Red's, where a luncheon was being hosted for the tournament participants and their families. Nessel was

---

[1] In undersigned counsel's experience, these investigations may take upward of two years to complete.

immediately able to identify Doe, who she pointed out to Simonetta, specifically identifying Doe as wearing a blue shirt. Simonetta pointed to the same individual, and she confirmed that was the assailant.

Simonetta then directed Nessel to return to the pro shop to complete some paperwork for sales she had made prior to the incident. The sheriff deputies were still at the resort, and Simonetta gave Nessel the impression that he would inform the deputies of Doe's whereabouts. However, Simonetta did not identify Doe to the sheriff deputies, and they left without apprehending anyone.

Shortly after the incident, Nessel's other supervisor began sexually harassing her via text message, which Nessel reported to Human Resources. A few days later, on October 16, 2019, Simonetta terminated Nessel's employment. Nessel believes that she was disciplined and terminated in retaliation for complaining about the sexual assault and harassment she endured and to silence her accusations against one of JDM Golf's patrons.

On July 7, 2020, Plaintiff submitted a Charge of Discrimination (the "Charge") with the EEOC against her former employer JDM Golf, LLC d/b/a Wigwam Golf Resort alleging, *inter alia*, that her former employer retaliated against her for reporting a sexual assault by a patron while she was on duty. The sexual assault and battery referred to in that Charge is the basis of the instant suit.

Doe remains unidentified. However, eight (8) potential assailants can be identified from the tournament participant sheet as golfers who were near Nessel's vicinity at the time of the sexual assault and battery. It is Plaintiff's hope that the EEOC investigation will either uncover the identity of Doe or provide Plaintiff with a right to sue letter, which will result in Doe's identity being uncovered during discovery. At the moment, Nessel has no available procedural means to figure out who Doe is. Further, once a right to sue letter has been issued, Plaintiff intends to combine the instant lawsuit with her suit against her former employer for claims pursuant to the hostile work environment, retaliation, and wrongful

termination provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

## II.   Legal Standard for Granting an Extension of Time to Serve

Rule 4(i), which is identical to Fed. R. Civ. P. ("Federal Rule") 4(m),[2] provides that:

> If a defendant is not served with process within 90 days after the complaint is filed, the court—on motion, or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*. But if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period."

Ariz. R. Civ. P. 4(i) (emphasis added). Federal Rule 4(m), as construed by the Ninth Circuit,[3] "*requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay[,]" but "*permits* the district court to grant an extension even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

In March 2020, the Supreme Court of Arizona released its decision in *Sholem v. Gass*, 248 Ariz. 281 (2020), which explicitly adopted the above construction when determining the grounds for granting an extension of time to serve under Rule 4(i). There, the Court stated:

> The plain language of Rule 4(i) permits extensions absent a showing of good cause. The first clause states that if the period for service has expired, a court must either dismiss the complaint 'or order that service be made within a specified time.' Thus, by its terms, the first clause

---

[2] When Arizona amended Rule 4(i) in 1996, it deliberately adopted language identical to the Federal Rule 4(m). Thus, "great weight should be accorded to 'federal courts interpreting' Rule 4(m)." *Sholem*, 248 Ariz. at 286 (quoting *Maher v. Urman*, 211 Ariz. 543, 547-48 ¶¶ 9-10 (App. 2005)); *see also Ansery Ins. Servs. Inc. v. Albrecht*, 192 Ariz. 48, 49 (1998) quoting *Edwards v. Young*, 107 Ariz. 283, 284 (1971) ("Because Arizona has substantially adopted the Federal Rules of Civil Procedure, we give great weight to the federal interpretations of the rules.").

[3] The Second, Third, Fifth, Seventh, Tenth, and Eleventh Circuits have similarly held that a district court has discretion to extend the time for service of process absent a showing of good cause. *Chen v. Mayor of Balt.*, 574 U.S. 988 (2014), *writ of certiorari dismissed on other grounds, Chen v. Mayor of Balt.*, 574 U.S. 1068 (2015). Only the Fourth Circuit has bucked the trend by holding a district court lacks such discretion. *Id.*

4

> does not require a plaintiff to show good cause for an extension. In contrast, the second clause of the rule specifically states, '[b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service'. Significantly, by including the word 'but' to introduce the second clause, the drafters signaled that a showing of good cause is an exception to and different from ordering an extension under the first clause.

*Sholem*, 248 Ariz. at 286 (quoting Rule 4(i)). Thus, while the first clause provides for a discretionary extension without a showing of good cause, the second clause provides a mandatory extension upon such a showing.[4] *Id.*

### A. Good cause exists to grant an extension of time to serve the Does because circumstances outside Plaintiff's control are preventing service within 90 days.

If a plaintiff shows good cause for her delay in serving the complaint on a defendant, "the court must extend the time for service for an appropriate period."[5] Ariz. R. Civ. P. 4(i). Good cause is proven under Rule 4(i) by showing, "under the specific facts of the case, [Plaintiff] exercised reasonable diligence in trying to serve the defendant." *Sholem*, 248 Ariz. at 289. A plaintiff shows reasonable diligence by providing "a valid reason or explanation for failing to serve the defendant within the allotted time period." *See also id.* quoting *Boley v Kaymark*, 123 F.3d 756, 758 (3rd Cir. 1997) ("In determining whether good cause exists, the court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place.").

Valid reasons for delaying service are generally based on circumstances outside the plaintiff's control. For example, a non-exhaustive list of circumstances outside a plaintiff's

---

[4] See *Sholem*, 248 Ariz. at 287 for various additional sources supporting this construction.

[5] An appropriate period to extend the time for service depends on the specific facts of the case. *Sholem*, 248 Ariz. at 289. In *Efew*, 473 F.3d at 1041, the Ninth Circuit held seven years to be an extraordinary length of delay. In contrast, the Fifth Circuit in *McGuire v. Turnbo*, 137 F.3d 321, 323-24 (5th Cir. 1998), found service was timely where plaintiff served defendants within the court's extended deadline, nearly two years after the suit was filed.

5

control and that constitutes a valid reason includes "sudden illness, catastrophe, or defendant's evasion of service of process[.]" *Id.* In contrast, missing a deadline because of (1) the plaintiff's attorney's busy schedule, *see, e.g., In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001), (2) unreasonable procrastination, *see, e.g., Snow v. Steele*, 121 Ariz. 82, 83-84 (1978), or (3) "ignorance of the rule, mistake, and inadvertence[,]" *Mann v. Castiel*, 681 F.3d 368, 376 (D.C. Cir. 2012), are not valid reasons that support a showing of good cause. *Sholem*, 248 Ariz. at 289.

Here, Nessel proffers two valid reasons to support her showing of good cause for a mandatory extension of time to serve. First, through Simonetta's deliberate obstruction, the police were unable to identify or apprehend Doe on the day of the assault. Doe's identity thus remains unknown at present, but it is likely to be uncovered during the EEOC investigation or during discovery once a right to sue notice is issued. Thus, extending the time to serve until December 30, 2022, will provide the EEOC time to conclude its investigation and Nessel with the opportunity to identify Doe in the ensuing litigation against the Wigwam.

Second, upon the issuance of a right to sue letter from the EEOC, Nessel would amend her complaint to include her claims against her former employer pursuant to the hostile work environment, retaliation, and wrongful termination provisions of Title VII. Such inclusion in a single action is favored, as the claims arise out of the same operative facts and this would "prevent[] a multiplicity of actions and allow[] the court to grant complete justice to all parties." *Staffco, Inc. v. Maricopa Trading Co.*, 122 Ariz. 353, 357 (1979) ("[W]henever possible, all claims should be disposed of in one action.").

Thus, for good cause shown, Nessel respectfully requests the Court extend her time to serve defendants until December 30, 2022.

B. Assuming *arguendo* that good cause is not found, it is still within this Court's discretion to grant an extension of time to serve because there is "some cause" that weighs in favor of such an extension.

Courts have broad discretion to extend time for service under Rule 4(i). *See Efaw*, 473 F.3d at 1041. The 90-day period for service under Rule 4(i) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996) (referring to Federal Rule 4(m)); *see also Mann v. Am. Airlines*, 324 F.3d 1088, 1090-91 (9th Cir. 2003) ("On its face [Federal] Rule 4(m) does not tie the hands of the district court after the [90]-day[6] period has expired. Rather, [Federal] Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that [90]-day period.").

This discretion, however, is "not limitless." *Sholem*, 248 Ariz. 282 (citing *Efaw*, 473 F.3d at 1041). Plaintiffs "must still show some cause" as to why an extension should be granted. *Id.* Additionally, "a court's discretionary findings must be based on facts contained in the record." *Id.* (internal citations omitted).

Courts consider several factors when determining whether to grant a discretionary extension. *Id.* These factors include "whether: (1) the applicable statute of limitations bars the plaintiff from re-filing the action; (2) the defendant evaded service; and (3) the defendant would be prejudiced if the court grants the extension." *Id.*; *see also Efaw,* 473 F.3d at 1041 (stating that courts consider the statute of limitations and prejudice to defendant as discretionary factors when determining whether to grant an extension under Federal Rule 4(m)); *United States v. McLaughlin*, 470 F.3d 698, 701 (7th Cir. 2006) (same); *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (considering the factors of prejudice, evasion of service, and the statute of limitations).

---

[6] *Mann* was decided before the 2015 amendment to Rule 4(m) which reduced the time for service from 120-days to 90-days. *See* Fed. R. Civ. P. 4(m) (2015); *see also Sholem*, 248 Ariz. at 286. Arizona amended Rule 4(i) in 2017 to conform with the change. *See* Ariz. R. Civ. P. 4(i) (2017); *see also Sholem*, 248 Ariz. at 286.

1. *Plaintiff would arguably be barred from re-filing her suit if her request for an extension of time to serve defendants is denied.*

Under the first factor, a court may consider whether the plaintiff would be barred from re-filing her complaint due to the applicable statute of limitations if her suit was dismissed for lack of service:

> [A] court's discretion is not diminished when the statute of limitations would bar re-filing of the suit if the [] court decided to dismiss the case instead of grant an extension. To the contrary, the advisory committee notes explicitly contemplate that a [] court might use its discretion to grant an extension in that very situation: 'Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action.'

*Mann*, 324 F.3d at 1090-91 (quoting Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m)); *accord De Tie v. Orange Cty.*, 152 F.3d 1109, 1111 n.5 (9th Cir. 1998). This is in harmony with the courts preference to decide cases on the merits rather than dismissing on procedural grounds. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966); *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984).

Here, Nessel's common law tort claims for assault and battery are subject to a two-year statute of limitations. A.R.S. § 12-542; *see also Skousen v. Nidy*, 90 Ariz. 215, 218 (1961) (applying the two-year statute of limitations to an action for assault and battery). The limitations period ended on September 13, 2021. Thus, Nessel might be barred from re-filing her complaint if her suit was dismissed for a failure to serve. This factor weighs heavily in favor of granting Nessel's request for an extension of time to serve.

2. *There is no indication in the record that Defendant will be prejudiced by the delay.*

In *Sholem* the Court found "no evidence showing that due to [Plaintiff's] delay, witnesses [were] unavailable or that evidence [was] lost." 248 Ariz. at 283, citing *Boley*, 123 F.3d at 759) ("[A] finding of prejudice is limited to circumstances in which delay impaired a defendant's ability to defend."). Merely losing "the procedural advantage of

having [a] case dismissed on the grounds of abatement . . . does not qualify as a showing of prejudice." *Id.*

Here, there are no facts in the record that indicate the defendant would be prejudiced by delaying service for the requested period. The witnesses' abilities to recall the assault and battery will not be significantly diminished, and any video or other electronic evidence, to the extent that it even exists, will not be impaired by the requested delay. The procedural advantage to the Defendants for dismissing the suit for a failure to serve is not a valid showing of prejudice and regardless, courts prefer to decide cases on their merits as opposed to dismissing them solely on procedural grounds. *See Clemens*, 101 Ariz. at 414; *Adams*, 139 Ariz. at 342.

**III.    Conclusion**

Nessel requests that the time to serve the defendants be extended: (1) because there is good cause to extend the deadline to allow the EEOC to conclude its investigation into Plaintiff's factually related discrimination charge and for Nessel to amend her complaint to consolidate the EEOC charges with her instant lawsuit, and (2) in the alternative, a discretionary extension is appropriate because the applicable statute of limitations bars Nessel from re-filing this action and the Defendant is not prejudiced if the Court grants this Motion.

Thus, Plaintiff respectfully requests that the deadline for Plaintiff to serve the Defendants be extended to December 30, 2022.

RESPECTFULLY SUBMITTED this 7th day of December 2021.

LUBIN & ENOCH, P.C.

/s/ Nicholas J. Enoch
Nicholas J. Enoch
Attorney for Plaintiff

9

1

## **CERTIFICATE OF SERVICE**

2

The foregoing was filed via Turbo Court on December 7, 2021

3

4      /s/ Shana Battles

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

<table>
<tr><td>Office Distribution</td><td></td><td></td></tr>
</table>

| Office Distribution |
| --- |

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
11/17/2021
by Superior Court Admin
on behalf of Clerk of the
Superior Court

11/13/2021                          COURT ADMINISTRATION

Ct. Admin
Deputy

**Case Number:** CV2021-014197

**Alyssa E Nessel**

**V.**

**John Doe**

The Judge assigned to this action is the Honorable Margaret Mahoney

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 09/09/2021 is subject to dismissal pursuant to
Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 12/08/2021.
If the time for completing service has not been extended by the court and no defendants have been
served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo
Court at www.azturbocourt.gov.

Superior Court of Maricopa County - integrated Court Information System
**Endorsee Party Listing**
Case Number: CV2021-014197

| Party Name | Attorney Name | |
|---|---|---|
| Alyssa E Nessel | Nicholas J Enoch | Bar ID: 016473 |

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
9/9/2021 2:15:17 PM
Filing ID 13354977

Person/Attorney Filing: Nicholas J Enoch
Mailing Address: Lubin & Enoch P.c. 349 North Fourth Avenue
City, State, Zip Code: Phoenix, AZ 85003
Phone Number: (602)234-0008
E-Mail Address: nick@lubinandenoch.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016473, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Alyssa E Nessel
Plaintiff(s),

v.

John Doe, et al.
Defendant(s).

Case No.  **CV2021-014197**

**SUMMONS**

To: Jane Doe

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *September 09, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
9/9/2021 2:15:17 PM
Filing ID 13354976

Person/Attorney Filing: Nicholas J Enoch
Mailing Address: Lubin & Enoch P.c. 349 North Fourth Avenue
City, State, Zip Code: Phoenix, AZ 85003
Phone Number: (602)234-0008
E-Mail Address: nick@lubinandenoch.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016473, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Alyssa E Nessel
Plaintiff(s),
v.
John Doe, et al.
Defendant(s).

Case No.  **CV2021-014197**

**SUMMONS**

To: John Doe

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *September 09, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #60714303

2

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
9/9/2021 2:15:17 PM
Filing ID 13354975

Person/Attorney Filing: Nicholas J Enoch
Mailing Address: Lubin & Enoch P.c. 349 North Fourth Avenue
City, State, Zip Code: Phoenix, AZ 85003
Phone Number: (602)234-0008
E-Mail Address: nick@lubinandenoch.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016473, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Alyssa E Nessel
Plaintiff(s),
v.
John Doe, et al.
Defendant(s).

Case No.  **CV2021-014197**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Nicholas J Enoch /s/
Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
9/9/2021 2:15:17 PM
Filing ID 13354974

**In the Superior Court of the State of Arizona
In and For the County of Maricopa**

**Plaintiff's Attorneys:**
Nicholas J Enoch - Primary Attorney
Bar Number: 016473, issuing State: AZ
Law Firm: Lubin & Enoch PC
Lubin & Enoch P.c. 349 North Fourth Avenue
Phoenix, AZ 85003
Telephone Number: (602)234-0008
Email address: nick@lubinandenoch.com

Kaitlyn Redfield-Ortiz
Bar Number: 030318, issuing State: AZ
Law Firm: Lubin & Enoch PC
Telephone Number: (602)234-0008

**Plaintiff:**
Alyssa E Nessel
Lubin & Enoch P.c. 349 North Fourth Avenue
Phoenix, AZ 85003
Telephone Number: (602)234-0008
Email address: nick@lubinandenoch.com

**Defendants:**
John Doe

Jane Doe

Discovery Tier t1

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Intentional Tort

CV2021-014197

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
9/9/2021 2:15:17 PM
Filing ID 13354973

1  LUBIN & ENOCH, P.C.
2  Nicholas J. Enoch, State Bar No. 016473
   Kaitlyn A. Redfield-Ortiz, State Bar No. 030318
3  349 North Fourth Avenue
   Phoenix, Arizona 85003-1505
4  Telephone: (602) 234-0008
   Facsimile: (602) 626-3586
5  Email: nick@lubinandenoch.com
6
7  *Attorneys for Plaintiff*
8
9  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10  **IN AND FOR MARICOPA COUNTY**

11

| | |
|---|---|
| Alyssa E. Nessel, a single woman, | No.  CV2021-014197 |
| Plaintiff, | **COMPLAINT** |
| v. | Jury Trial Demanded |
| John and Jane Doe, husband and wife; | Tier 1 Discovery |
| Defendants. | |

18

19     Plaintiff, Alyssa E. Nessel ("Nessel"), by and through her attorneys at Lubin &

20  Enoch, P.C., brings this action against John and Jane Doe, husband and wife (the "Does"),

21  for sexual assault and battery.

22

23                            **INTRODUCTION**

24     1.     This case concerns the sexual assault and battery against Nessel by a patron

25  of JDM Golf, LLC ("JDM Golf") doing business as the Wigwam Resort and Golf (the

26  "Wigwam")'s while she was employed at the Wigwam.

27

28

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this case pursuant to Ariz. Const. art. VI, § 14 and A.R.S § 12-123.

3.      This Court has personal jurisdiction over the Does because the events that give rise to the causes of action occurred within Maricopa County as a result of the Does conduct within the county, and they reside therein.

4.      Venue is proper in this Court pursuant to A.R.S. § 12-401.

5.      This case will likely involve discovery into the misconduct of the Does, including video and surveillance footage and testimony from witnesses. Tier 1 discovery is appropriate for intentional torts pursuant to Arizona Rule of Civil Procedure 26.2(b)(1).

**PARTIES**

6.      Nessel is currently a resident of Sun Lakes, Arizona in Maricopa County. At all times relevant to this complaint, Nessel resided in Maricopa County.

7.      At the time the events that give rise to the causes of this action occurred, Nessel was an employee of JDM Golf. She was employed as a beverage cart server at the Wigwam, which is a 440-acre, full-service resort that offers three 18-hole golf courses.

8.      Upon information and belief, the Does are now, and at all times relevant hereto have been, husband and wife, constituting a marital community under the laws of the state of Arizona. The Does are fictitiously named defendants pursuant to Arizona Rule of Civil Procedure 10(d). Once their true names are discovered, this complaint shall be amended accordingly.

2

9. The acts and omissions undertaken by the Does were performed as agents and for the benefit of the marital community.

## **GENERAL ALLEGATIONS**

10. On September 13, 2019, the Glendale Chamber of Commerce hosted the 20th Annual Excellence in Education Golf Outing. This golf tournament was held at the Wigwam located at 300 East Wigwam Boulevard, Litchfield Park, Arizona 85340. *See* https://www.glendaleazchamber.org/old-events-calendar.html.

11. Nessel, who was employed by JDM Golf until October 16, 2019, was scheduled to work during the event.

12. That morning, Nessel was approached by a group of golfers while serving beverages at a hydration station set up for the event. The group surrounded her and one of the men ("Doe" or the "perpetrator") violently grabbed her buttocks and attempted to rip off her skirt (the "incident").

13. Several nearby golfers witnessed the incident. Dr. Karla Murphy ("Dr. Murphy"), a professor at Arizona State University and one of the witnesses, brought the incident to the attention of two Wigwam employees. When she noticed how shaken Nessel was from the incident, she insisted Nessel be escorted off the course.

14. Wigwam ambassadors led Nessel to the office of her supervisor, Mr. Leo Simonetta ("Simonetta"), where they were joined by Wigwam security personnel. There, she was asked for a description of the incident and perpetrator, which she provided, and Simonetta recorded the incident in her human resources ("HR") file.

15. During the questioning, Nessel was asked if she would like to press

charges. She indicated she would and requested the police be called.

16.     The Maricopa County Sherriff's Office (the "sheriff deputies" or "deputies") responded to the call. After the sheriff deputies arrived on scene, Wigwam security personnel escorted the deputies onto the course so that the perpetrator could be identified and detained.

17.     The two-foursome groups playing near her location at the time of the incident were the focus of the search. Those groups were identified from the tournament participant sheet and the schedule of each foursome on the course. Doe and any witnesses were most likely to be part of those two foursomes. Those two foursomes are circled on the tournament participant sheet (*See* Exhibit A).

18.     Despite this focused search, the sheriff deputies and Wigwam security personnel were unsuccessful at locating the perpetrator. Upon their return, the deputies asked Nessel to sit at the clubhouse entrance and attempt to identify the perpetrator as foursome groups returned from the course. This continued for hours but was similarly unsuccessful.

19.     Sometime later, Simonetta asked Nessel to follow him into the clubhouse restaurant, Red's, where a luncheon was being hosted for the tournament participants and their families. Upon entering, Nessel immediately spotted the perpetrator. She pointed him out to Simonetta, specifically identifying the man as wearing a blue shirt. Simonetta pointed to the same individual, and Nessel confirmed that was the perpetrator.

20.     Simonetta directed Nessel to return to the pro shop to do paperwork for the sales she had completed before the incident. Nessel was relieved the situation was under

control and complied with the direction.

21.     The sheriff deputies were still at the resort. However, despite Simonetta giving Nessel the impression he would inform the deputies of the perpetrator's whereabouts, he did not identify the perpetrator to them, and the deputies left without apprehending anyone. Indeed, Simonetta did not even indicate to the deputies that Nessel had identified the perpetrator when the perpetrator was still on the resort property.

22.     The perpetrator remains unidentified; however, potential perpetrators, as identified on the tournament participant sheet, include Ron Castro, Scott Spillman, Matt Farmer, Mike Walters, Justin Oquist, Brian Schmidt, John Pruitt, and Corey Pankin. Upon information and belief, one of these men is John Doe.

23.     Following the incident, Nessel requested the contact information of Wigwam's internal security personnel because she no longer felt safe working at the Wigwam.

24.     In February 2020, still experiencing the stress and trauma of the experience, Nessel reached out to Dr. Murphy and asked her if she were able to provide or knew of any resources that could help her recover from the trauma the incident caused her. Dr. Murphy was able to provide Nessel a list of resources.

### CAUSES OF ACTION

#### Count I: Common Law Tort of Assault

25.     Nessel realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

26.     Under Arizona law, a person commits the tort of assault if that person "intended to cause harm or offensive contact[1] with [another that results in the other person feeling] apprehension of an immediate harmful or offensive contact." Revised Arizona Jury Instructions (Civil 7th ed.) Intentional Torts 1 (Assault); *see* Restatement (Second) of Torts § 21 (1965); *Garcia v. U.S.*, 826 F.2d 806, n. 9 (9th Cir. 1987).

27.     As a result of the above-mentioned conduct, Nessel experienced fear and apprehension and harm to her self-image and personal dignity. She now seeks to recover compensatory and punitive damages.[2]

### Count II: Common Law Tort of Battery

28.     Nessel realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

29.     Under Arizona common law, "a battery is a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff . . . to suffer such a contact." *Meadows v. Guptill*, 856 F.Supp. 1362, 1371 (D.Ariz. 1993) (finding offensive touching giving rise to a claim for battery where Defendant patted Plaintiff's buttocks and grabbed or tugged on Plaintiff's blouse); *see* Revised Arizona Jury Instructions (Civil 7th ed.) Intentional Torts 2 (Battery); Restatement (Second) of Torts § 18 (1965); *Garcia*, 826 F.2d at n. 9.

---

[1] "A contact is offensive if it would offend a reasonable person." Revised Arizona Jury Instructions (Civil 7th ed.) Intentional Torts 1 (Assault).

[2] Nessel does not need to prove the extent of her damages as damages are presumed in intentional torts, such as assault and battery, where the tort itself seeks to penalize intentional conduct. Revised Arizona Jury Instructions (Civil 7th ed.) Intentional Torts 1 (Assault), n. 3, & Intentional Torts 2 (Battery), n. 3.

30.     As a result of the above-mentioned conduct, Nessel experienced mental[3]
and emotional[4] distress and suffered harm to her personal dignity and self-image. She
now seeks to recover compensatory and punitive damages.[5]

### Count III: Negligent Infliction of Emotional Distress

31.     Nessel realleges and incorporates by reference the foregoing paragraphs as
if fully set forth herein.

32.     Under Arizona common law, a claim for negligent infliction of emotional
distress exists "[i]f the actor unintentionally causes emotional distress to another . . .
[and] the actor (a) should have realized that his conduct involved an unreasonable risk of
causing the distress . . . and (b) from facts known to him should have realized that the
distress, if it were caused, might result in illness or bodily harm. . . ." *Quinn v. Turner*,

---

[3] Arizona permits recovery for mental distress resulting from "a physical invasion of a person or the person's security." *Valley Nat'l Bank v. Brown*, 110 Ariz. 260, 265, 517 P.2d 1256, 1261 (1974).

[4] Like in most dignitary tort cases where the facts are such that an ordinary person would feel distress, Nessel may recover even where the damage inflicted is difficult or even impossible to quantify. *See Johnson v. Pankratz*, 196 Ariz. 621, 623, 2 P.3d 1266, 1268 (Ct.App. 2000) (citing Restatement (Second) of Torts § 13 (1965); Dan D. Dobbs, *Dobbs Law of Remedies*, § 7.1(2) (2d. ed. 1993). Specifically, battery claims traditionally permit recovery of general or presumed damages "of a substantial amount . . . merely by showing that the tort was committed at all." Dobbs, § 7.1(2). This includes proving the extent of her mental and emotional distress damages. *Id.*

[5] Punitive damages are recoverable under Arizona law upon a showing by clear and convincing evidence that the defendant's conduct was aggravated and outrageous, and that the defendant acted with an evil mind. *Meadows*, 856 F.Supp. at 1372 (citing *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 331-332, 723 P.2d 675, 680-81 (1986). An evil mind is shown where the defendant intended to cause injury or chose a course of conduct that knowingly created a substantial risk of harm to others. *Ranburger v. Southern Pacific Transp. Co.*, 157 Ariz. 551, 553, 760 P.2d 551, 553 (1988).

155 Ariz. 225, 228 (Ct. App. 1987) (quoting Restatement (Second) of Torts § 313(1) (1965) (internal quotations omitted)).

33.    Doe should have known that violently grabbing Nessel's buttocks and attempting to rip off her skirt would create an unreasonable risk of causing Nessel distress and that such distress would result in illness or bodily harm.

34.    As a result of the above-mentioned conduct, Nessel experienced mental and emotional distress that manifested physically and suffered harm to her personal dignity and self-image.

## PRAYER FOR RELIEF

WHEREFORE, Nessel prays that she can recover from the Does the following:

A.    Award Nessel compensatory and punitive damages in an amount appropriate to the proof adduced at trial;

B.    Award Nessel litigation costs pursuant to A.R.S. § 12-341; and

C.    Such other legal and equitable relief as the Court deems just.

DATED this 9th day of September 2021.

LUBIN & ENOCH, P.C.

/s/ Nicholas J. Enoch
Nicholas J. Enoch
Attorney for Plaintiff

8

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this 9th day of September 2021, I electronically transmitted
3   the attached Complaint using the AZ-Turbo Court E-filing Online System.

4

5   /s/ Shana Battles

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

# Glendale Chamber of Commerce
## Gold Course Pairings

| Hole # | Player |
|---|---|
| 18A | Shapiro, Harry |
| 18A | Scalia, Tony |
| 18A | Tanner, Lauri |
| 18A | Froelich, Kelly |

| Hole # | Player |
|---|---|
| 18B | Pitts, Josh |
| 18B | Gonzalez, Steve |
| 18B | Voss, Scott |
| 18B | Byfield, Justin |

| Hole # | Player |
|---|---|
| 17A | Mocariski, John |
| 17A | Standage, Jeff |
| 17A | Deschler, Derek |
| 17A | Huggins, Randy |

| Hole # | Player |
|---|---|
| 17B | Weis, Jason |
| 17B | Merryman, Christine |
| 17B | Munter, Anne |
| 17B | Aker, Patricia |

| Hole # | Player |
|---|---|
| 16A | Bannon, Peter |
| 16A | Mace, Alan |
| 16A | Mulvey, Kevin |
| 16A | Willbrand, Natalie |

| Hole # | Player |
|---|---|
| 16B | Valenzuela, Manual |
| 16B | Jauregui, George |
| 16B | Munakash, Nimer |
| 16B | Winkel, Robert |

| Hole # | Player |
|---|---|
| 15A | Hernandez, Manual |
| 15A | Miranda, Mellors |
| 15A | Trombley, Joseph |
| 15A | Carey, Joey |

| Hole # | Player |
|---|---|
| 15B | Kiefer, Greg |
| 15B | Whalen, Joseph |
| 15B | Guston, Ramon |
| 15B | Jacobson, Ryan |

| Hole # | Player |
|---|---|
| 14A | Rodgriguez, Luis |
| 14A | Brooks, Brooklyn |
| 14A | Pruitt, Gene |
| 14A | Gonzalez, Anthony |

| Hole # | Player |
|---|---|
| 14B | Brash, Zach |
| 14B | LoDuca, Anthony |
| 14B | Pritchard, Will |
| 14B | Zangl, Wyatt |

| Hole # | Player |
|---|---|
| 13A | Penberthy, Jim |
| 13A | Martinez, Scott |
| 13A | Conaway, Sean |
| 13A | Boykin, Ryan |

| Hole # | Player |
|---|---|
| 13B | Smith, Matt |
| 13B | Othon, Art |
| 13B | Delgado, Ray |
| 13B | Gamez, Adolfo |

| Hole # | Player |
|---|---|
| 12A | Martinez, Ramon |
| 12A | Martin, Mark |
| 12A | Holecheck, Joshua |
| 12A | Hoang, Jimmy |

| Hole # | Player |
|---|---|
| 12B | Castro, Ron |
| 12B | Spillman, Scott |
| 12B | Farmer, Matt |
| 12B | Walters, Mike |

| Hole # | Player |
|---|---|
| 11A | Stewart, Nathan |
| 11A | Francis, Michael |
| 11A | Horie, Craig |
| 11A | Algeria, Charles |

| Hole # | Player |
|---|---|
| 11B | Oquist, Justin |
| 11B | Schmidt, Brian |
| 11B | Pruitt, John |
| 11B | Pankin, Corey |

| Hole # | Player |
|---|---|
| 10A | Dellosa, Gary |
| 10A | Samuel, David |
| 10A | Thieken, Michelle |
| 10A | Guerro, Victor |

| Hole # | Player |
|---|---|
| 10B | Roberts, Dan — helped |
| 10B | Edgar, Gary |
| 10B | Moore, Robert |
| 10B | Flitton, Joseph |

| Hole # | Player |
|---|---|
| 9A | Ramsey, Dr. Ramsey Eric |
| 9A | Rocha, Bethany |
| 9A | Bennett, Justin |
| 9A | Murphy, Dr. Karla |

| Hole # | Player |
|---|---|
| 9B | Ernst, Ray |
| 9B | Luedeker, Todd |
| 9B | Stiver, Jerry |
| 9B | Schmidlen, Andy |

| Hole # | Player |
|---|---|
| 8A | Pena, Javier |
| 8A | Hancock, Jeff |
| 8A | Thomas, Justin |
| 8A | Garrison, Kale |

| Hole # | Player |
|---|---|
| 8B | Habaluyas, Kevin |
| 8B | Polster, Travis |
| 8B | Truong, Hieu |
| 8B | Mehta, Janet |

| Hole # | Player |
|---|---|
| 7A | Fulford, Briar |
| 7A | Corona, Virginia |
| 7A | Costa, Pua |
| 7A | TBD, |

| Hole # | Player |
|---|---|
| 7B | Dana, William |
| 7B | Calhoun, Anthony |
| 7B | Engel, Shannon |
| 7B | Brown, Brandon |

| Hole # | Player |
|---|---|
| 6A | McDermott, Patrick |
| 6A | Sites, Ron |
| 6A | Mazza, John |
| 6A | Holdaway, Melissa |

| Hole # | Player |
|---|---|
| 6B | Covena, Washington |
| 6B | Coyle, Chris |
| 6B | Martin, Rachele |
| 6B | Olivas, Rosa |

| Hole # | Player |
|---|---|
| 5A | Smith, Stephen |
| 5A | Leonardi, Kyle |
| 5A | Cuttone, Joe |
| 5A | Ruiz, Ryan |

| Hole # | Player |
|---|---|
| 5B | Jacobo, Joseph |
| 5B | Martin, Billy |
| 5B | Jacobo, Manny |
| 5B | Byron, Daniel |

| Hole # | Player |
|---|---|
| 4A | Spicola, Tony |
| 4A | Easton, Dave |
| 4A | Setacase, Joe |
| 4A | Klimciew, Mike |

| Hole # | Player |
|---|---|
| 4B | Carter, Scott |
| 4B | Pump, Steve |
| 4B | Cox, Dan |
| 4B | TBD, |

| Hole # | Player |
|---|---|
| 3A | Parkin, Mike |
| 3A | Del Rosal, Cesar |
| 3A | Keel, Chris |
| 3A | Tobin, Ben |

| Hole # | Player |
|---|---|
| 3B | Cipriano, Jerry |
| 3B | Sims, Korey |
| 3B | Reed, Adam |
| 3B | Alejandro, Anthony |

| Hole # | Player |
|---|---|
| 2A | Flemm, David |
| 2A | Wren, Ryan |
| 2A | Theele, Jay |
| 2A | Martin, Jason |

| Hole # | Player |
|---|---|
| 2B | Ortega, David |
| 2B | Ortega, Dave |
| 2B | Guerrero, Gabe |
| 2B | Lopez, Eddie |

| Hole # | Player |
|---|---|
| 1A | Fillion, Andy |
| 1A | Hulse, Russell |
| 1A | LaGanke, Bob |
| 1A | TBD, |

| Hole # | Player |
|---|---|
| 1B | Crow, John |
| 1B | Phelps, Kevin |
| 1B | Caracciolo, Ryan |
| 1B | TBD, |

1  Jay A. Zweig (011153)
   Melissa R. Costello (020993)
2  BALLARD SPAHR LLP
   1 East Washington Street, Suite 2300
3  Phoenix, AZ 85004-2555
   Telephone: 602.798.5400
4  Facsimile: 602.798.5595
   Email: zweigj@ballardspahr.com
5  Email: costellomr@ballardspahr.com

6  *Attorneys for Defendant JDM Golf, LLC*

7        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8            **IN AND FOR THE COUNTY OF MARICOPA**

9

10 | Alyssa E. Nessel, a single woman, | Case No. CV2021-014197 |
   | Plaintiff, | |
11 | | |
   | vs. | **ANSWER TO FIRST AMENDED** |
12 | | **COMPLAINT** |
   | JDM Golf, LLC, an Arizona limited | |
13 | liability company; John and Jane Doe, | |
   | husband and wife, | |
14 | | |
   | Defendants. | |
15 | | |

16        For its Answer to the First Amended Complaint of Plaintiff Alyssa E. Nessel

17 ("Plaintiff"), Defendant JDM Golf, LLC ("Defendant") admits, denies and affirmatively

18 alleges as follows:

19                        **INTRODUCTION**

20        1.      Defendant denies the allegations contained in Paragraph 1, denies that it

21 engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief

22 she seeks.

23        2.      Defendant denies the allegations contained in Paragraph 2, denies that it

24 engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief

25 she seeks.

26                      **JURISDICTION & VENUE**

27        3.      Defendant admits that this Court has jurisdiction over this case, but denies

28 that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

relief she seeks.

4.      Defendant admits that this Court has personal jurisdiction over it, admits that Defendant is an Arizona-domiciled limited liability company, admits that it is licensed to and does business in Arizona, admits that Plaintiff has alleged that the events giving rise to this action occurred in Maricopa County, but denies the remaining allegations contained in Paragraph 4, denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies them.

6.      Defendant admits the allegations contained in Paragraph 6.

## PARTIES

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore denies them.

8.      Defendant admits the allegations contained in Paragraph 8.

9.      Defendant admits the allegations contained in Paragraph 9.

10.      Defendant admits the allegations contained in Paragraph 10.

11.      Defendant admits the allegations contained in Paragraph 11.

12.      Defendant admits the allegations contained in Paragraph 12.

13.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies them.

14.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore denies them.

## GENERAL ALLEGATIONS

15.      Defendant admits that, on September 13, 2019, the Glendale Chamber of Commerce hosted its 20th Annual Excellence in Education Golf outing, admits the golf outing was held at the at the Wigwam, but denies the remaining allegations contained in Paragraph 15.

16.      Defendant admits the allegations contained in Paragraph 16.

1

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

17.     Defendant denies the allegations contained in Paragraph 17.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies them.

19.     Defendant admits the allegations contained in Paragraph 19.

20.     Defendant denies the allegations contained in Paragraph 20.

21.     Defendant admits that the Maricopa County Sheriff's Office responded to the call that the Wigwam placed to initiate an investigation, admits that Wigwam security personnel escorted the deputies onto the course, but denies the remaining allegations contained in Paragraph 21.

22.     Defendant denies the allegations contained in Paragraph 22.

23.     Defendant admits that the Maricopa County Sherriff and Wigwam security were not successful in locating an alleged perpetrator, but denies the remaining allegations contained in Paragraph 23.

24.     Defendant admits that Plaintiff went to a luncheon with Mr. Simonetta that was hosted for the tournament participants, but denies the remaining allegations contained in Paragraph 24.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies them.

26.     Defendant admits that the Maricopa County Sherriff left Wigwam without apprehending anyone, but denies the remaining allegations contained in Paragraph 26.

27.     Defendant denies the allegations contained in Paragraph 27.

28.     Defendant admits the alleged perpetrator is unidentified, and denies that the individuals identified by Plaintiff in Paragraph 28 are potential perpetrators on lack of information and belief.

29.     Defendant denies the allegations contained in Paragraph 29.

30.     Defendant denies the allegations contained in Paragraph 30.

31.     Defendant admits that it terminated Plaintiff's employment, but denies the remaining allegations contained in Paragraph 31, denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

32.     Defendant states that the first sentence in Paragraph 32 is a legal contention to which no response is required, but to the extent a further response is required, denies. Defendant denies the remaining allegations contained in Paragraph 32, denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

33.     Defendant denies the allegations contained in Paragraph 33.

34.     Defendant denies the allegations contained in Paragraph 34.

## CONDITIONS PRECEDENT

35.     Defendant admits the allegations contained in Paragraph 35.

36.     Defendant states that the allegation contained in Paragraph 36 is a legal contention to which no response is required. To the extent a further responses is required, Defendant denies.

## CAUSES OF ACTION

### Count I: Violation of Title VII of the Civil Rights of 1964

37.     Defendant reaffirms its Answers to Paragraph 1-36.

**A. Coverage Under Title VII**

38.     Defendant states that the allegations contained in Paragraph 38 are legal contentions to which no response is required. To the extent a further responses is required, Defendant denies.

39.     Defendant states that the allegations contained in Paragraph 39 are legal contentions to which no response is required. To the extent a further responses is required, Defendant denies.

40.     Defendant admits that it was Plaintiff's former employer, but denies the remaining allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

42.     Answering Paragraph 42, Defendant admits only that Plaintiff verbally reported an incident that Defendant investigated and called the Maricopa County Sherriff's Office, but denies the remaining allegations contained in Paragraph 42.

43.     Defendant denies the allegations contained in Paragraph 43.

44.     Defendant denies the allegations contained in Paragraph 44, denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

45.     Defendant denies the allegations contained in Paragraph 45.

46.     Defendant denies the allegations contained in Paragraph 46.

47.     Defendant denies the allegations contained in Paragraph 47.

48.     Defendant denies the allegations contained in Paragraph 48 and subparagraphs (1) – (2), denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

## B. Sexual Discrimination

49.     Defendant states that the allegations contained in Paragraph 49 are legal contentions to which no response is required. To the extent a further responses is required, Defendant denies.

50.     Defendant denies the allegations contained in Paragraph 50, denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

51.     Defendant denies the allegations contained in Paragraph 51, denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

## C. Retaliation

52.     Defendant states that the allegations contained in Paragraph 52 are legal contentions to which no response is required. To the extent a further response is required, Defendant denies.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

53.     Defendant denies the allegations contained in Paragraph 53, denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

54.     Defendant denies the allegations contained in Paragraph 54, denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

55.     Defendant denies the allegations contained in Paragraph 55, denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

### Count II: Violation of the Arizona Civil Rights Act

56.     Defendant reaffirms its Answers to Paragraphs 1 - 55.

**A.  Coverage Under ACRA**

57.     Defendant states that the allegations contained in Paragraph 57 are legal contentions to which no response is required. To the extent a further response is required, Defendant denies.

58.     Defendant states that the allegations contained in Paragraph 58 are legal contentions to which no response is required. To the extent a further response is required, Defendant denies.

59.     Defendant admits that it was Plaintiff's former employer, but denies the remaining allegations contained in Paragraph 59.

60.     Defendant denies the allegations contained in Paragraph 60.

61.     Answering Paragraph 61, Defendant admits only that Plaintiff verbally reported an incident that Defendant investigated and called the Maricopa County Sherriff's Office, but denies the remaining allegations contained in Paragraph 61.

62.     Defendant denies the allegations contained in Paragraph 62.

63.     Defendant denies the allegations contained in Paragraph 63, denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

1     64.     Defendant denies the allegations contained in Paragraph 64.

2     65.     Defendant denies the allegations contained in Paragraph 65.

3     66.     Defendant denies the allegations contained in Paragraph 66, denies that it

4 engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief

5 she seeks.

6     67.     Defendant denies the allegations contained in Paragraph 67 and

7 subparagraphs (a) – (b), denies that it engaged in any unlawful conduct, and denies that

8 Plaintiff is entitled to any of the relief she seeks.

9 **B. Sexual Discrimination**

10     68.     Defendant states the allegations contained in Paragraph 68 are legal

11 contentions to which no response is required. To the extent a further response is required,

12 Defendant denies.

13     69.     Defendant denies the allegations contained in Paragraph 69, denies that it

14 engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief

15 she seeks.

16 **C. Retaliation**

17     70.     Defendant states the allegations contained in Paragraph 70 are legal

18 contentions to which no response is required. To the extent a further response is required,

19 Defendant denies.

20     71.     Defendant denies the allegations contained in Paragraph 71, denies that it

21 engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief

22 she seeks.

23 **Count III: Common Law Tort of Assault**

24 **(Against the Does Only)**

25     72.     Defendant reaffirms its Answers to Paragraphs 1-71.

26     73.     Defendant states the allegations contained in Paragraph 73 are legal

27 contentions to which no response is required. To the extent a further response is required,

28 Defendant denies.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

74.     Defendant denies the allegations contained in Paragraph 74, denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

### Count IV: Common Law Tort of Battery
### (Against the Does Only)

75.     Defendant reaffirms its Answers to Paragraphs 1–74.

76.     Defendant states the allegations contained in Paragraph 76 are legal contentions to which no response is required. To the extent a further response is required, Defendant denies.

77.     Defendant denies the allegations contained in Paragraph 77, denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

78.     Defendant acknowledges that Plaintiff is seeking compensatory and punitive damages in this matter, but denies that Plaintiff is entitled to any of the relief she seeks, and denies that it engaged in any unlawful conduct.

### Count V: Negligent Infliction of Emotional Distress
### (Against the Does Only)

79.     Defendant reaffirms its Answers to Paragraphs 1-78.

80.     Defendant states the allegations contained in Paragraph 80 are legal contentions to which no response is required. To the extent a further response is required, Defendant denies.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, and therefore denies them. Defendant further denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, and therefore denies them. Defendant

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

further denies that it engaged in any unlawful conduct, and denies that Plaintiff is entitled to any of the relief she seeks.

## DISCOVERY TIER

83.     Defendant reaffirms its Answers to Paragraphs 1-82.

84.     Defendant states that the allegations in Paragraph 84 are legal conclusions to which no response is required. To the extent a further response is required, Defendant denies.

85.     Defendant states that the allegations in Paragraph 85 are legal contentions to which no response is required. To the extent a further response is required, Defendant denies.

86.     Defendant states that the allegations in Paragraph 86 are legal contentions to which no response is required. To the extent a further response is required, Defendant denies.

87.     Defendant denies the allegations contained in Paragraph 87.

88.     Defendant states the allegations contained in Paragraph 88 are legal contentions to which no response is required. To the extent a further response is required, Defendant denies.

## PLAINTIFF'S PRAYER FOR RELIEF

89.     Defendant acknowledges that Plaintiff seeks the relief sought in the last, unnumbered Paragraph, subparagraphs (A) – (E) of its First Amended Complaint, but denies that Plaintiff is entitled to any of the relief she seeks, and denies that Defendant engaged in any unlawful conduct.

## FURTHER AFFIRMATIVE DEFENSES

For its separate and additional defenses, Defendant, without conceding that it bears the burden of proof or persuasion as to any of them, alleges as follows:

1.     Defendant denies each and every allegation in Plaintiff's First Amended Complaint not specifically admitted in this Answer.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

2.      Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

3.      At all times during Plaintiff's employment, she was an at-will employee, employed for an indefinite period of time, and could be discharged with or without notice and with or without case.

4.      Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

5.      Some or all of Plaintiff's claims are barred in whole or in part for failure to exhaust administrative remedies.

6.      To the extent Plaintiff's allegations exceed the reasonable scope and investigation of the underlying Equal Employment Opportunity Commission Charge of Discrimination, they are barred.

7.      All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business reasons that were in no way related to Plaintiff's sex or any other protected status, or because of Plaintiff's engagement in alleged protected activity. Even if Plaintiff's sex or alleged protected activity was a motivating factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decision would have been reached for legitimate, non-discriminatory, non-retaliatory business reasons.

8.      If any improper, illegal, or discriminatory acts were taken by any employee of Defendant against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

9.      Any improper, illegal, or discriminatory actions by any employee of Defendant were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant and thus cannot be attributed or imputed to Defendant.

10.     Defendant did not have actual or constructive knowledge of any of the alleged harassing or retaliatory acts alleged in the First Amended Complaint at any time material to the First Amended Complaint.

11.     Plaintiff's claims for damages are subject to a statutory damage cap.

12.     Without conceding Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize her alleged damages.

13.     Plaintiff's alleged losses and damages, if any, are the result of, and directly related to, Plaintiff's own conduct, actions, and/or failure to act, and not of Defendant's conduct, actions, or failure to act.

14.     Defendant engaged in good faith efforts to comply with civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and, therefore, Plaintiff fails to state a claim for punitive or liquidated damages.

15.     Defendant has in place a clear and well-disseminated policy against discrimination, harassment and retaliation, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Some or all of Plaintiff's claims are barred because Plaintiff unreasonably failed to avail herself of the preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise.

16.     Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired evidence.

17.     Plaintiff's damages, if any, must be reduced by any income she received since the date of her termination of employment.

18.     The claims asserted by Plaintiff do not provide a basis for punitive damages.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

19.     Plaintiff's damages, if any, must be reduced by any short-term disability payments, long-term disability payments, workers' compensation benefits, or unemployment benefits paid to Plaintiff.

20.     Plaintiff's damages, if any, must be reduced by the damages, benefits and/or settlements Plaintiff received from legal claims asserted against other former employers, prospective employers, or subsequent employers.

21.     Defendant did not take any actions that were willful, wanton, or in reckless disregard of Plaintiff's rights, thus barring Plaintiff's claim for punitive damages.

22.     Defendant is not liable for punitive damages because neither Defendant nor any of its officers, directors or employees sufficiently high in its corporate hierarchy committed any act with malice or reckless indifference to Plaintiff's protected rights, or approved, authorized or ratified, or had any actual knowledge of any such acts.

23.     The Complaint and each purported cause of action alleged therein fails to allege facts sufficient to allow the recovery of punitive damages from Defendant, and punitive damages are contrary to the Arizona Constitution and United States Constitution.

24.     Defendant asserts that Plaintiff is seeking to recover more than Plaintiff is entitled to recover in this case, and the judgment sought by Plaintiff would unjustly enrich it.

25.     Plaintiff is not entitled to declaratory relief as there is no actual, present and justiciable controversy between the parties.

26.     Plaintiff is not entitled to injunctive relief because no severe, immediate, or irreparable harm exists, it has an adequate remedy at law, and the public interest would be disserved by such relief.

27.     Defendant asserts that Plaintiff's injuries and damages, if any, were caused or contributed to by Plaintiff's own negligence or inattention. Plaintiff, through its own acts and/or omissions, was negligent and careless and a proximate cause of some or all of its alleged damages. Accordingly, Defendant alleges the defenses of comparative negligence and the right to reasonable apportionment, and maintains that any recovery by

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

Plaintiff, if any such recovery is permitted, should be barred or reduced up to and including the whole thereof.

28.     Defendant asserts that Plaintiff's injuries and damages, if any, were a direct and proximate result of acts or omissions of persons or entities other than Defendant. Therefore, any damages are limited in direct proportion to the percentage of fault attributable to the parties or non-parties at fault.

29.     Defendant reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses become known during the course of this litigation.

WHEREFORE, having fully Answered Plaintiff's First Amended Complaint, Defendant respectfully request that this Court dismiss Plaintiff's First Amended Complaint with prejudice, with Plaintiff to take nothing thereby; and that Defendant recovers its court costs, reasonable attorneys' fees pursuant to A.R.S. Section 12-341.01, and other applicable law; and for such further relief that this Court deems just.

RESPECTFULLY SUBMITTED this 13th day of January, 2023.

BALLARD SPAHR LLP


By: /s/ Jay A. Zweig
    Jay A. Zweig
    Melissa R. Costello
    1 East Washington Street
    Suite 2300
    Phoenix, AZ 85004-2555
    Attorneys for Defendant JDM Golf, LLC

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on this 13th day of January, 2023, I electronically transmitted a PDF version of this document to the Office of the Clerk of the Superior Court, Maricopa County, for filing using the AZTurboCourt System.

  I further certify that a copy of the foregoing was sent via e-mail and U.S. mail this same date to:

Nicholas J. Enoch
Kaitlyn A. Redfield-Ortiz
Morgan L. Bigelow
Lubin & Enoch, P.C.
349 N. Fourth Avenue
Phoenix, AZ  85003-1505
*Attorneys for Plaintiff*

By: */s/ Vicki Morgan*

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004