Jay A. Zweig (011153)
Melissa R. Costello (020379)
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
Email: zweigj@ballardspahr.com
Email: costellomr@ballardspahr.com

*Attorneys for Defendant JDM Golf, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alyssa E. Nessel, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>JDM Golf, LLC, an Arizona limited liability company; John and Jane Doe, husband and wife,<br><br>Defendants. | Case No. 2:23-cv-00095-DMF<br><br>**DEFENDANT JDM GOLF, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>**(Oral Argument Set for July 12, 2024 at 10:00 a.m.)** |

The undisputed facts confirm that: (1) JDM Golf admonished Plaintiff from day one of her brief employment that Plaintiff's continued tardiness could result in termination of her at-will employment; (2) JDM Golf terminated Plaintiff's employment after she was late to work for the ninth time in less than five months; and (3) JDM Golf took immediate corrective action as soon as it learned of two incidents that made Plaintiff uncomfortable. There are no material issues to prevent summary judgment for JDM Golf on Plaintiff's retaliation and discrimination causes of action. *Saliego v. SRP*, 2023 U.S. Dist. LEXIS 199556, * 10 (D. Ariz. Nov. 27, 2023) (recognizing that "[a] fact is material if it might affect the outcome of the case" and granting employer's motion for summary judgment).

## A.     All of the Material Facts Are Undisputed.

The parties agree on the material facts for purposes of JDM Golf's Motion for Summary Judgment. They are:

- Plaintiff began working at JDM Golf on May 23, 2019 and was employed at

JDM Golf fewer than five months. [Separate Statement of Facts in Support of Defendant JDM Golf, LLC's Motion for Summary Judgment ("JDMSOF") ¶¶ 1, 6; Plaintiff's Controverting Statement of Facts and Supplemental Statement of Facts in Opposition to Defendant's Motion for Summary Judgment ("PCSOF") ¶¶ 1, 6, 124]

- Plaintiff arrived ninety minutes late on her first work day, and was fifteen to 90 minutes late to work at least 15% of her work days (nine of the 61 shifts she worked). [JDMSOF ¶¶ 2, 6, 31, Exh. D; PCSOF ¶¶ 2, 6, 31, 89]

- Plaintiff knew she needed to be at work on time; admits she was late "a number of times" and that her attendance and timeliness at JDM Golf was unacceptable; and admits that JDM Golf appropriately held her accountable. [JDMSOF ¶¶ 11, 12, 25, 32, 33; PCSOF ¶¶ 11, 12, 25, 32, 33, 89]

- JDM Golf coached Plaintiff throughout her five months of employment about her tardiness and attendance issues, beginning on Plaintiff's first day of work. [JDMSOF ¶¶ 15-17, 21-25; PCSOF ¶¶ 15-17, 21-25]

- Plaintiff signed corrective actions acknowledging the history of coaching for lateness and no-call/no-shows and that further violations could result in termination, and apologized to JDM Golf for being late. [JDMSOF ¶¶ 21-25, 27, 30; PCSOF ¶¶ 21-25, 27, 30]

- Plaintiff received and was trained on JDM Golf's policies prohibiting sexual harassment by both employees and non-employees, how to report harassment, JDM Golf's commitment to investigating and taking remedial action in response to such reports, and JDM Golf's prohibition of retaliation against employees who report harassment. [JDMSOF ¶¶ 38-42, Exh. H at pp.6-8; PCSOF ¶¶ 38-42]

- Plaintiff reported one incident of alleged sexual harassment on September 13, 2019, and a second incident of alleged sexual harassment on October 12, 2019. [JDMSOF ¶¶ 43, 48, 73; PCSOF ¶¶ 43, 48, 73]

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

- Plaintiff reported both incidents of alleged harassment months after her supervisor, Leo Simonetta, had begun coaching her in May and June 2019 for her lateness. [JDMSOF ¶¶ 3, 15-17, 43, 48, 73; PCSOF ¶¶ 3, 15-17, 43, 48, 73]

- The first incident involved a non-employee guest golfer on September 13, 2019. [JDMSOF ¶ 44; PCSOF ¶ 44, 93, 94]

- JDM Golf immediately told Plaintiff that it did not tolerate the golfer's alleged conduct, involved Security, called law enforcement, and investigated. [JDMSOF ¶¶ 48-59; PCSOF ¶¶ 48-59]

- The golfer never bothered Plaintiff again. Plaintiff's lawsuit originally included causes of action for assault, battery and negligent infliction of emotional distress against the golfer, but then Plaintiff voluntarily dismissed him. [Dkt. 28]

- The second incident involved an exchange of suggestive text messages outside of work on September 20 and 21, 2019 between Plaintiff and a JDM Golf employee ("Nikko"), who did not supervise Plaintiff or other employees. [JDMSOF ¶¶ 66, 67, 69-73; PCSOF ¶¶ 66, 67, 69-73]

- After Plaintiff belatedly reported the texts on October 12, 2019, JDM Golf had its Human Resources consultant promptly investigate Plaintiff's complaint about the texts. [JDMSOF ¶¶ 73, 76-78, 82; PCSOF ¶¶ 73, 76-78, 82, 116]

- JDM Golf then suspended Nikko without pay for unprofessional text messages. [JDMSOF ¶ 83; PCSOF ¶¶ 83, 121]

- Nikko never bothered or contacted Plaintiff again. [JDMSOF ¶ 84; PCSOF ¶ 84]

- Plaintiff's chronic tardiness and attendance issues continued. [JDMSOF ¶¶ 23-25, 85; PCSOF ¶¶ 23-25, 85]

- JDM Golf terminated Plaintiff's at-will employment on October 18, 2019 after she was late for the ninth time in fewer than five months. [JDMSOF ¶¶ 24, 25, 28-30; PCSOF ¶¶ 24, 25, 28-30, 122-124]

- As JDM Golf told Plaintiff, the reason for her termination was her tardiness and poor attendance. [JDMSOF ¶ 34; PCSOF ¶¶ 29, 34].

- JDM Golf has terminated other employees for attendance violations. [JDMSOF ¶ 35; PCSOF ¶ 35]

**B.     JDM Golf is Entitled to Summary Judgment Because it Did Not Retaliate Against Plaintiff.**

JDM Golf's legitimate business reason for terminating Plaintiff's employment was her excessive tardiness in violation of JDM Golf policy and its impact on her ability to meet JDM Golf's expectation of exceptional customer service. [JDMSOF ¶¶ 6-11, 32-34; PCSOF ¶¶ 6-11, 32-34] All an employer needs to show to demonstrate a legitimate, non-discriminatory reason for its decision to terminate an employee is that "the procedure by which [the employee] was terminated was validly and fairly devised and administered to serve a legitimate business purpose." *Dep't of Fair Empl. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 745-46 (9th Cir. 2011) (citation and internal quotation omitted).

In response to JDM Golf's legitimate business reason for firing her, and because there are no facts proving a causal link between Plaintiff's reports of alleged sexual harassment and her termination, Plaintiff attempts to avoid summary judgment on her retaliation claim by arguing the temporal proximity between her complaints and her termination. But given JDM Golf's unrefuted, legitimate reason for terminating Plaintiff's employment, the facts that JDM Golf *embraced* Plaintiff's protected behavior of reporting alleged harassment by investigating and addressing her concerns, temporal proximity arguments cannot defeat summary judgment. *See Glass v. Asic N., Inc.*, 848 F. App'x 255, 258 (9th Cir. 2021) ("…[A] short window between protected activity and adverse employment actions, without regard to context, cannot by itself establish pretext unless temporal proximity directly rebuts the employer's non-discriminatory reason for acting as it did"); *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997) (affirming summary

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

judgment for employer because, "[a]lthough proximity of timing sufficed to establish a minimal prima facie case of retaliation, it does nothing to refute the [employer's] proffered legitimate reasons for disciplining [the employee]") (citing *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890-91 (9th Cir. 1994) ("When evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate even though plaintiff may have established a minimal prima facie case")); *Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1019-2021 (9th 2018) (finding plaintiff did not establish a triable retaliation claim and granting employer summary judgment after employer responded to employee's complaints by investigating each incident and imposing corrective measures it deemed reasonably tailored to the incidents); *Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1187-89 (9th Cir. 2005) (granting summary judgment for employer on retaliation claim after finding that employer's response to harassment complaint was both prompt and reasonable as a matter of law).

JDM Golf is entitled to summary judgment on Plaintiff's retaliation claim because Plaintiff presents no specific and substantial evidence that she was terminated for discriminatory or retaliatory purposes and not for her attendance issues. *See Schuler v. Banner Health*, No. CV-15-01565-PHX-ROS, 2018 WL 3620000, at *9 (D. Ariz. July 30, 2018), aff'd, 778 F. App'x 473 (9th Cir. 2019) (holding that although temporal proximity may have been enough to satisfy the employee's *prima facie* case of retaliation, it was not enough to show the employer's reason for termination – poor job performance – was pretextual, where such reason was undisputed and supported by the evidence).

Plaintiff admits that JDM Golf has terminated employees for attendance issues, but then conjures an argument that other JDM Golf employees were not terminated for "similar attendance issues." [JDMSOF ¶ 35; PCSOF ¶ 35] Plaintiff has no evidence to support her argument. The records of non-terminated employees Plaintiff points to are for employees with one to two attendance infractions, contrasted with Plaintiff's chronic tardiness, with at least nine attendance issues. [JDMSOF ¶¶ 2, 6, 21-25, 30-33; PCSOF ¶¶ 11, 12, 32, 33, 89, 123, 125] Plaintiff knew if she did not stop being late, then she faced termination.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

[JDMSOF ¶¶ 7-12, 18-25; PCSOF ¶¶ 7-12, 18-25] JDM Golf is entitled to summary judgment on Plaintiff's retaliation claims.

**C.    JDM Golf is Entitled to Summary Judgment on Plaintiff's Discrimination Claims Because the Undisputed Material Facts Are That JDM Golf is Not Liable for a Hostile Work Environment.**

Plaintiff does not create a triable fact question by arguing that the two unrelated incidents of alleged harassment she complains about – (1) groping by a golfer, and (2) suggestive text banter with a coworker – together constitute a pervasive hostile work environment. These two incidents were not "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Steinaker v. Southwest Airlines Co.*, No. CV-19-05022-PHX-SPL, 2022 U.S. Dist. LEXIS 135259, *5 (D. Ariz. Jul. 29, 2022) (setting out *prima facie* case for hostile work environment and granting employer's motion for summary judgment, recognizing that "a single instance of sexual assault in the form of groping is not sufficiently severe"); *Brooks v. City of San Mateo*, 229 F.3d 917, 924 (9th Cir. 2000) ("…[A]n isolated incident of harassment by a co-worker will rarely (if ever) give rise to a reasonable fear that sexual harassment has become a permanent feature of the employment relationship"); *Chesier v. On Q Fin. Inc.* 382 F.Supp.3d 918, 925-26 (D. Ariz. 2019) (finding eleven sexual and sexually explicit statements texted by plaintiff's supervisor to be insufficient to establish pervasive harassment for purposes of Title VII).

Beyond the legally insufficient severity of the alleged harassment, JDM Golf is also entitled to summary judgment because it took immediate and reasonable corrective action when Plaintiff reported each incident, and its actions stopped the harassment. [JDMSOF ¶¶ 48-59, 75-79, 81-84; PCSOF ¶¶ 48-59, 75-79, 80-84, 116, 121] *See Folkerson v. Circus Circus Enterprises, Inc.*, 107 F.3d 754, 756 (9th Cir. 1997) (affirming summary judgment for employer because complainant failed to show facts that employer ratified or acquiesced in the harassment by not taking immediate or corrective actions); *Christian v. Umpqua Bank*, 984 F.3d 801, 811-12 (9th Cir. 2020) (reasonableness of corrective action depends on, among other things, the employer's promptness of its response and ability to stop the

harassment); *Ellison v. Brady*, 924 F.2d 872, 882 (9th Cir. 1991) (reasonableness of remedy depends on its ability to end current harassment and deter future harassment). Plaintiff's response acknowledges that JDM Golf promptly and properly investigated the golfer incident. [JDMSOF ¶¶ 49-60; PCSOF ¶¶ 49-60]. And showing JDM Golf's adequate response to Plaintiff's complaint about text messages with JDM Golf employee Nikko, Plaintiff admits that after JDM Golf investigated and suspended Nikko without pay, Nikko never bothered her again. [JDMSOF ¶ 75-78, 82, 84; PCSOF ¶¶ 75-78, 82, 84, 116] *See Christian*, 984 F.3d at 811-12; *Ellison*, 924 F.2d at 882.

Plaintiff then evolves to wrongly insisting that JDM Golf should be held strictly liable for Nikko's suggestive texting, claiming he was a supervisor. [PCSOF ¶¶ 67, 113] But the undisputed facts are that Nikko was *not* a supervisor, and certainly not Plaintiff's supervisor. [JDMSOF ¶¶ 3, 67; PCSOF ¶¶ 3, 67]

Plaintiff contends that Nikko, an assistant golf professional, was occasionally called "manager," but a managerial or supervisory title alone is insufficient to hold an employer strictly liable for workplace harassment. *See Vance v. Ball State Univ.*, 570 U.S. 421, 431-32 and 439-440 (2013) (rejecting the "nebulous definition" and "colloquial uses" of "supervisor" and holding that "[t]he ability to direct another employee's tasks is simply not sufficient;" "an employee is a 'supervisor' for purposes of vicarious liability under Title VII if he or she is empowered by the employer to take tangible employment actions against the victim" "*i.e.*, to effect a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits' ") (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)); *see also Kim v. Coach, Inc.*, 692 F. App'x 478, 479 (9th Cir. 2017) (affirming summary judgment for employer where assistant store managers accused of harassment could not affect the terms of the plaintiff's employment and thus were not "supervisors" within the meaning of *Vance*); *McCormack v. Safeway Stores Inc.*, No. CV-12-02547-PHX-DGC, 2014 WL 554192, at *2 (D. Ariz. Feb. 12, 2014) (granting summary judgment for employer, finding front-end managers' ability to direct the plaintiff's tasks

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

and schedule were insufficient to be considered "supervisors" under *Vance* because they could not "make economic decisions affecting [the plaintiff's] employment").

Nikko did not supervise or have authority to affect the terms of Plaintiff's or others' employment. [JDMSOF ¶ 67; PCSOF at ¶ 67] He was not a "supervisor" within the meaning of Title VII. *See, e.g., Vance*, 570 U.S. at 431-32 and 439-440. And even if Plaintiff (belatedly) *believed* Nikko was a supervisor, Plaintiff's subjective belief is irrelevant. *See Peters v. Int'l Artist Publ'g*, No. CV-12-02057-PHX-NVW, 2014 WL 12849766, at *7 (D. Ariz. Feb. 6, 2014) (In evaluating whether an alleged harasser is a "supervisor" under *Vance*, "employees' subjective beliefs about [the harasser's] influence" do not "substitute for evidence of actual authority…").

And even if Nikko had been a Title VII supervisor, JDM Golf still is not liable for the text exchange because an employer may only be held strictly liable for workplace harassment if the harasser is the <u>victim's</u> supervisor <u>and</u> takes tangible employment action against the victim. *See Vance*, 570 U.S. at 440 (Strict liability "exists when a supervisor actually takes a tangible employment action based on, for example, a subordinate's refusal to accede to sexual demands"). JDM Golf is not strictly liable for any alleged harassment by Nikko because Nikko was not Plaintiff's supervisor *and Nikko* did not take (and had no authority to take) any tangible employment action against her. [JDMSOF ¶¶ 3, 28, 29, 33, 34, 67; PCSOF ¶¶ 3, 28, 29, 33, 34]

Plaintiff's supervisor was Leo Simonetta, and his firing Plaintiff due to her chronic tardiness does not impose strict liability. [JDMSOF ¶¶ 3, 67; PCSOF ¶¶ 3, 67] *See Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 683 (finding no vicarious liability where alleged harasser was not a supervisor under *Vance* and plaintiff was later terminated by human resources). JDM Golf is entitled to summary judgment because it is not liable for a hostile work environment as a matter of law.

**D.    Conclusion.**

For purposes of JDM Golf's Motion for Summary Judgment, the parties agree on the material facts. In the fewer than five months Plaintiff worked at JDM Golf, she was

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

repeatedly late in violation of JDM Golf policies, knowing she needed to improve and could be fired for her lateness. JDM Golf promptly and sincerely responded to Plaintiff's reports of two incidents of alleged sexual harassment, and these incidents did not alter the conditions of Plaintiff's employment.

Viewed in the light most favorable to Plaintiff, Plaintiff has no facts to support her discrimination claims. The only point she argues as to her retaliation claims is that she was fired for her admitted chronic lateness soon after complaining about texts with her co-worker. JDM Golf had legitimate business reasons for terminating her employment, and the alleged proximity of timing is legally insufficient to refute JDM Golf's legitimate reasons. This Court should grant JDM Golf summary judgment.

RESPECTFULLY SUBMITTED this 20th day of June, 2024.

BALLARD SPAHR LLP


By: /s/ Melissa R. Costello
Jay A. Zweig
Melissa R. Costello
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
*Attorneys for Defendant JDM Golf, LLC*

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 20th day of June, 2024, I electronically transmitted the foregoing document to the U.S. District Court for the District of Arizona Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

I further certify that on this same date, the foregoing document was served via e-mail on the below counsel of record:

Nicholas J. Enoch
Morgan L. Bigelow
Taylor M. Secemski
LUBIN & ENOCH, P.C.
349 N. Fourth Avenue
Phoenix, AZ  85003-1505
nick@lubinandenoch.com
morgan@lubinandenoch.com
taylor@lubinandenoch.com
*Attorneys for Plaintiff*

By: */s/ Monica Baca*

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004